UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEBBIE L. TREZVANT, TIMOTHY )
CAHILL, DEBORAH CHERYL ARCH, and )
MARY-CATHERINE PICHE, each of them )
individually and on behalf of all others )
similarly situated and similarly situated )
current and former employees of Defendants )
)
    Plaintiffs )
)
v. )
)
FIDELITY EMPLOYER SERVICES )
CORPORATION and FMR CORP., )
    Defendants )
)

Case No. **05 10673 WGY**

COMPLAINT

FLSA COLLECTIVE ACTION

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

### FIRST CLAIM FOR RELIEF

**(Against All Defendants for FLSA Overtime and Record Keeping Violations)**

MAGISTRATE JUDGE _____

### INTRODUCTION AND CERTAIN DEFINITIONS

1. This is an action for violation of federal and state wage and hour laws by and on behalf of former and current employees of Defendants in job positions known as "business analyst" (also called "technical analyst) and "configuration analyst." Among others things, these employees were unlawfully classified by Defendants as exempt from laws requiring overtime pay, but actually were and are non-exempt and entitled to overtime pay.

2. In this pleading, the term "Covered Employees" means all persons who have been, are, or in the future will be employed by any of the Defendants in any job whose title is or was referred to by any of the Defendants as "business analyst" or "technical analyst" or

1

"configuration analyst" and who were employed during the period of time during which the statute of limitations was or may have been tolled or suspended.

3. In this pleading, "Defendants" means "defendants and each of them," and refers to the defendants named in the particular claim for relief in which the word "Defendants" appears.

4. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasion. Plaintiffs reserve all rights to plead in the alternative.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. This Court has supplemental jurisdiction over the state law claims. The state law claims are so related in this action within such original jurisdiction that the form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district because a substantial part of the events and omissions giving rise to the claims occurred in this district, including in Defendants' very large operations in Marlboro, Massachusetts and Boston, Massachusetts. Venue is proper in this district also because there is personal jurisdiction in this district over all Defendants. Presently and at all times, all Defendants have conducted substantial, continuous and systematic commercial activities in this district, including very large operations in Marlboro, Massachusetts and Boston Massachusetts.

## PARTIES

7. Defendants FIDELITY EMPLOYER SERVICES COPORATION and FMR

CORP. are, on information and belief, Massachusetts corporations with their principal places of business in Massachusetts, doing business in the District of Massachusetts.

8. Plaintiff Debbie L. Trezvant ("Ms. Trezvant") was employed by Defendants from approximately February 6, 2000 to October 2004 as a business analyst (also called technical analyst). Mr. Trezvant worked hours in excess of forty (40) hour per workweek, without receiving overtime compensation as required by federal law.

9. Plaintiff Timothy Cahill ("Mr. Cahill") is a citizen and resident of California. Mr. Cahill was employed by Defendants from approximately July 1999 to December 2002 as a business analyst (also called technical analyst) and configuration analyst. Mr. Cahill worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by federal law.

10. Plaintiff Deborah Cheryl Arch ("Ms. Arch") is a citizen and resident of New Hampshire. Ms. Arch was employed by Defendants from approximately December 1996 to approximately December 2002 as a business analyst (also called technical analyst). Ms. Arch worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by federal law.

11. Plaintiff Mary-Catherine Piche ("Ms. Piche") is a citizen and resident of New Hampshire. Ms. Piche was employed by Defendants from approximately October 1, 2000 to approximately January 15, 2002 as a project analyst. Ms. Piche worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by federal law.

12. Plaintiffs are informed and believe and thereon allege that at all relevant times each defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and

other Covered Employees, and exercised control over the wages, hours and working conditions of Plaintiffs and other Covered Employees. Plaintiffs are informed and believe and thereon allege that, at all relevant times, each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiffs are informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs bring the First Claim for Relief, for violations of the Fair Labor Standards Act ("FLSA"), as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all Covered Employees, that is, on behalf of all persons who were, are, or will be employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), in any job which is or was referred to by any of the Defendants as "business analyst" or "technical analyst" or "configuration analyst."

14. At all relevant times, plaintiffs and the other Covered Employees are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols

and plans of willfully failing and refusing to pay them at the legally required time-and-a-half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA. The claims of Plaintiffs stated herein are similar to those of the other Covered Employees.

15. The First Claim for Relief is properly brought and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The Covered Employees are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to their employer.

16. Attached hereto are signed consents by Ms. Trezvant, Ms. Arch, and Mr. Cahill to be parties plaintiff in the FLSA claims alleged herein. Ms. Piche's signed consent will be filed shortly. Plaintiffs are informed and believe and thereon allege that a great many other Covered Employees will sign and file such consents.

## SUBSTATIVE ALLEGATION

17. At all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, each Defendant has employed, and continues to employ the Covered Employees as "employee[s]" within the meaning of the FLSA. At all relevant times, each Defendant has had gross operating revenues in excess of $500,000.

18. Throughout the FLSA Class Period, plaintiffs and the other Covered Employees regularly worked in excess of forty (40) hours per workweek, and continue to do so.

19. At all relevant times, each Defendant has had, and continues to have common

policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Covered Employees at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA.

20. At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay plaintiffs and the other Covered Employees at the required overtime rates, time and a half regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

21. At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to make, keep, and preserve <u>accurate</u> records required by the FLSA with respect to plaintiffs and the other Covered Employees, including records sufficient to accurately determine the wages and hours of employment pertaining to plaintiffs and the other Covered Employees.

22. Plaintiffs and the Covered Employees seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and cost of action, injunctive relief requiring Defendants to cease and desist from their violations of the FLSA described herein and to comply with the FLSA, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER**

WHEREFORE, Plaintiffs pray judgment for themselves and all other on whose behalf this suit is brought, against Defendants, jointly and severally, as follows, with recoveries totaling no less than $5 million:

    A.    For such general, special and liquidated damages as may be appropriate, including all damages alleged above.

B.    For unpaid wages at overtime rates for all overtime work.

C.    For pre-judgment interest.

D.    For permanent injunctive and declaratory relief as described above.

E.    For costs of suit and attorneys' fees under the FLSA.

F.    for such other relief as the Court deems just and proper.

### JURY DEMAND

The Plaintiffs demand a trial by jury on all issues so triable.

> DEBBIE L. TREZVANT, TIMOTHY CAHILL, DEBORAH CHERYL ARCH, and MARY-CATHERINE PICHE, each of them individually and on behalf of all others similarly situated and similarly situated current and former employees of Defendants,
> By their attorneys,
>
> _____
> Thomas E. Kenney (BBO#516599)
> Pierce & Mandell, P.C.
> 11 Beacon Street, Suite 800
> Boston, MA 02108
> (617) 720-2444
>
> Ira Spiro (CA State Bar No. 67641)
> Rene L. Barge (CA State Bar No. 182317)
> Dennis F. Moss (CA State Bar. No. 77512)
> Spiro Moss Barness Harrison & Barge LLP
> 11377 W. Olympic Blvd., 5th Floor
> Las Angeles, CA 90063-1683
> (310) 235-2468
>
> Charles Joseph (NY State Bar No. CJ 9442)
> Joseph & Herzfeld LLP
> 757 Third Avenue, 25th Floor
> New York, NY 10017

Dated: April 5, 2005

## CONSENT TO BE "PARTY PLAINTIFF" UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am a former or current employee of Fidelity Employer Services Corporation (FESCO), and as I understand it, of FMR Corp.

I consent to become a "party plaintiff" in a Fair Labor Standards Act (FLSA) lawsuit, seeking payment of unpaid wages, including overtime wages, and related relief against FESCO and FMR Corp., on behalf of myself and other former and current employees of FESCO and/or FMR Corp., including employees and former employees in any of the following job titles: business analyst, technical analyst, configuration analyst.

_D C Arch_
Print Name

_DCArch_
Signature

_January 14, 2005_
Date

*Deborah Cheryl Arch*
*118 WILDWOOD STREET*
*MANCHESTER, NH 03103*

# CONSENT TO BE "PARTY PLAINTIFF" UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am a former or current employee of Fidelity Employer Services Corporation (FESCO), and as I understand it, of FMR Corp.

I consent to become a "party plaintiff" in a Fair Labor Standards Act (FLSA) lawsuit, seeking payment of unpaid wages, including overtime wages, and related relief against FESCO and FMR Corp., on behalf of myself and other former and current employees of FESCO and/or FMR Corp., including employees and former employees in any of the following job titles: business analyst, technical analyst, configuration analyst.

_Debbie L. Trezvant_
Print Name

_[signature]_
Signature

_January 14, 2005_
Date

## CONSENT TO BE "PARTY PLAINTIFF" UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am a former or current employee of Fidelity Employer Services Corporation (FESCO), and as I understand it, of FMR Corp.

I consent to become a "party plaintiff" in a Fair Labor Standards Act (FLSA) lawsuit, seeking payment of unpaid wages, including overtime wages, and related relief against FESCO and FMR Corp., on behalf of myself and other former and current employees of FESCO and/or FMR Corp., including employees and former employees in any of the following job titles: business analyst, technical analyst, configuration analyst.

_Timothy M. Cahill_
Print Name

_[signature]_
Signature

_Nov. 18, 2004_
Date