# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBBIE L. TREZVANT, TIMOTHY CAHILL,DEBORAH CHERYL ARCH, and MARY-CATHERINE PICHE, each of them Individually and on behalf of all others Similarly situated and similarly situated current and former employees of Defendants )))))))) | **Case No. 05-10673-WGY** |
| Plaintiffs, )) | **FIRST AMENDED COMPLAINT;** |
| )) | **DEMAND FOR JURY TRIAL** |
| vs. )) | |
| )) | |
| FIDELITY EMPLOYER SERVICES CORPORATION, FIDELITY EMPLOYER SERVICES COMPANY, LLC, and FMR CORP., ))))) | |
| )) | |
| Defendants. )) | |

## INTRODUCTION AND CERTAIN DEFINITIONS

1.       This is an action for violation of federal and state wage and hour laws by and on behalf of former and current employees of Defendants, referred to below as "Covered Employees." The Covered Employees include plaintiffs. Pursuant to a decision, policy and plan, these employees were unlawfully classified by Defendants as exempt from laws requiring overtime pay, but actually were and are non-exempt and entitled to overtime pay.

2.       In this pleading, the term "Covered Employees" means all persons who have been, are, or in the future will be employed by any of the Defendants in any job whose title is or was referred to by any of the Defendants by any of the following titles, and employees who performed substantially the same work as employees with those titles (discovery may reveal additional titles and employees that should be included):

a.       "business analyst"

b.    "technical analyst"

c.    "configuration analyst"

d.    "project analyst"

e.    "reporting analyst"

and who were employed during the statute of limitations period for the particular claim for relief in which the term Covered Employees is used, including time during which the statute of limitations was or may have been tolled or suspended. The above job positions are referred to herein as "Covered Positions."

3.    In this pleading, "Defendants" means "defendants and each of them," and refers to the defendants named in the particular claim for relief in which the word "Defendants" appears.

4.    The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasion.  Plaintiffs reserve all rights to plead in the alternative.


**JURISDICTION AND VENUE**

5.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.  This Court has supplemental jurisdiction over the state laws, presently consisting of the laws of New Hampshire, but possibly consisting of the laws of other states, as may be revealed in discovery. The state laws claims stated below are so related to the claims in the action within the Court's original jurisdiction that the state law claims form part of the same case and controversy under Article III of the United States Constitution.

6.      Venue is proper in this district because a substantial part of the events and omissions giving rise to the claims occurred in this district, including in Defendants' very large operations in Marlboro, Massachusetts and Boston, Massachusetts.  Venue is proper in this district also because there is personal jurisdiction in this district over all Defendants.  Presently and at all times, all Defendants have conducted substantial, continuous and systematic commercial activities in this district, including very large operations in Marlboro, Massachusetts and Boston, Massachusetts.

**PARTIES**

7.      Defendants FIDELITY EMPLOYER SERVICES COPORATION, FIDELITY EMPLOYER SERVICES COMPANY, LLC, and FMR CORP. are, on information and belief, Massachusetts corporations with their principal places of business in Massachusetts, doing business in the District of Massachusetts.  They do business in Massachusetts, New Hampshire, and other states.

8.      Plaintiff Debbie L. Trezvant ("Ms. Trezvant") was employed by Defendants in New Hampshire from approximately February 6, 2000 to October 2004 as a business analyst.  Mr. Trezvant worked hours in excess of forty (40) hour per workweek, without receiving overtime compensation as required by federal and state laws.

9.      Plaintiff Timothy Cahill ("Mr. Cahill") is presently a citizen and resident of California, having moved there after the end of his employment by Defendants.  Mr. Cahill was employed by Defendants in Massachusetts and New Hampshire from approximately July 1999 to December 2002 as a business analyst and technical analyst and configuration analyst.  Mr. Cahill worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by federal and state laws.

10.     Plaintiff Deborah Cheryl Arch ("Ms. Arch") is a citizen and resident of New Hampshire.  Ms. Arch was employed by Defendants from approximately December 1996 to approximately December 2002 as a business analyst.  Ms. Arch worked hours in excess of forty

(40) hours per workweek, without receiving overtime compensation as required by federal and state laws.

11.    Plaintiff Mary-Catherine Piche ("Ms. Piche") is a citizen and resident of New Hampshire.  Ms. Piche was employed by Defendants from approximately October 1, 2000 to approximately January 15, 2002 as a project analyst.  Ms. Piche worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by federal and state laws.

12.    Plaintiffs are informed and believe and thereon allege that at all relevant times each defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and other Covered Employees, and exercised control over the wages, hours and working conditions of Plaintiffs and other Covered Employees.  Plaintiffs are informed and believe and thereon allege that, at all relevant times, each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiffs are informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## FIRST CLAIM FOR RELIEF

### (Against All Defendants for FLSA Overtime and Record Keeping Violations)

13.    Plaintiffs incorporate all previous paragraphs.

14.    Plaintiffs are informed and believe and thereon allege that at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce"

4

within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, each Defendant has employed, and continues to employ the Covered Employees as "employee[s]" within the meaning of the FLSA.  At all relevant times, each Defendant has had gross operating revenues in excess of $500,000.

15.    Throughout the statute of limitations period covered by these claims, plaintiffs and the other Covered Employees regularly worked in excess of forty (40) hours per workweek, and many Covered Employees continue to do so.

16.    At all relevant times, each Defendant has had, and continues to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Covered Employees at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though the Covered Employees have been and are entitled to overtime pay.

17.    At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay plaintiffs and the other Covered Employees at the required overtime rates, time and a half regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

18.    At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to make, keep, and preserve accurate records required by the FLSA with respect to plaintiffs and the other Covered Employees, including records sufficient to accurately determine the wages and hours of employment pertaining to plaintiffs and the other Covered Employees.

19.    Plaintiffs and the Covered Employees seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and cost, injunctive relief requiring Defendants to cease and desist from their violations of the FLSA described herein and to comply with the FLSA, and such other legal and equitable relief as the Court deems just and proper.

5

## FLSA COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiffs bring the First Claim for Relief, for violations of the Fair Labor Standards Act ("FLSA"), as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all Covered Employees, as defined herein

21.     At all relevant times, plaintiffs and the other Covered Employees are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay them at the legally required time-and-a-half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, and willfully classifying them as exempt from overtime pay even though they were non-exempt and entitled to overtime pay, and even though Defendants were aware that the Covered Employees were non-exempt and entitled to overtime pay.  The claims of Plaintiffs stated herein are essentially the same as those of the other Covered Employees.

22.     The First Claim for Relief is properly brought and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The Covered Employees are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to their employer(s).

23.     Signed consents by Ms. Trezvant, Ms. Arch, Mr. Cahill and Ms. Piche to be "parties plaintiff" in the FLSA claims alleged herein have been filed with the Court. Plaintiffs are informed and believe and thereon allege that a great many other Covered Employees will sign and file such consents.

6

**SECOND CLAIM FOR RELIEF**

**(Against All Defendants for Violations of New Hampshire Wage Laws)**

24.    Plaintiffs incorporate paragraphs 1 through 17 above.

25.    Under the laws of New Hampshire, employees are required to be paid <u>all wages</u> <u>due</u> within 8 days (including Sunday) after expiration of the week in which the work is performed, or in some cases less frequently but no less frequently than once each calendar month.  Also, under the laws of New Hampshire, whenever an employer discharges an employee, the employer shall pay the employee's wages in full within 72 hours, and whenever an employee quits or resigns, the employer shall pay the employee's wages no later than the next regular payday.  Under said laws, these requirements are to pay all wages including all overtime wages due under federal or state law or both.

26.    Many of the Covered Employees have been discharged, or have quit or resigned, including some or all of the named plaintiffs.

27.    At all relevant times, each Defendant has had, and continues to operate under a decision, policy and plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Covered Employees at time and a half rates for work in excess of forty (40) hours per workweek, even though the Covered Employees have been and are entitled to overtime pay.  At all such times, Defendants did willfully fail and refuse to pay the Covered Employees at time and a half rates for work in excess of forty (40) hours per workweek, within the times required by New Hampshire law as stated above, or at all.

28.    Because the Covered Employees were never paid the overtime wages to which they were entitled, they were not paid timely as required by the laws of New Hampshire. Under said laws, if an employer willfully and without good cause fails to pay an employee wages as required by said laws, such employer shall be additionally liable to the employee for

7

liquidated damages in the amount of 10 percent of the unpaid wages for each day except Sunday and legal holidays upon which such failure continues after the day upon which payment is required or in an amount equal to the unpaid wages, whichever is smaller.

29.    The Covered Employees are entitled to payments and damages from defendants in the amounts of their respective unpaid overtime compensation, the interest provided for above to the extent applicable, liquidated damages, other prejudgment interest, attorneys' fees and costs.

### F.R.Civ.P. 23 CLASS ACTION ALLEGATIONS FOR STATE LAW CLAIMS

30.    Plaintiffs bring the state law claims, presently under the laws of New Hampshire, but possibly consisting of the laws of other states, as may be revealed in discovery, on behalf of themselves and on behalf of the class of all persons similarly situated, as more fully explained below.  This action is brought and may properly be maintained as a class action pursuant to Fed. Rule of Civ. Proced. 23(a) and 23(b)(2) and (b)(3).  The questions of law or fact common to the class predominate over questions affecting the individual members and, on balance, a class action is superior to other methods available for adjudicating the controversy.

31.    The proposed class Plaintiffs seek to represent consists of the "Covered Employees," as defined above.

32.    There is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

33.    Numerosity: The class is so numerous that individual joinder of all members is impracticable. While the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that it is several hundred people or more.

8

34.    <u>Common Questions Predominate</u>:  Common questions of law and fact exist as to all class members, and predominate over any questions that affect only individual members of the class.  The common questions of law and fact include, but are not limited to:

a.    What was the decision, policy and plan, and what were the common policies, programs, practices, procedures, protocols, routines, and rules used by Defendants in classifying the Covered Employees as exempt from overtime pay, and not paying them overtime pay.

b.    Was there any study, investigation, or other acts, on the basis of which defendants determined that, in defendants' opinion, the Covered Employees were not entitled to overtime pay, and if so, what was it.

c.    On what information and facts did defendants base their decision not to pay the Covered Employees overtime pay.

d.    Was defendants' failure to pay overtime pay to the Covered Employees willful or without good cause.

f.     Was defendants' failure to pay overtime pay the all wages due, including overtime pay, within the required times, willful or without good cause.

g.    Whether Defendants are and were subject to overtime requirements contained in the applicable state laws, presently consisting of the laws of New Hampshire, but possibly consisting of the laws of other states, as may be revealed in discovery.

h.    Whether the Covered Employees were entitled to overtime pay under the said applicable state laws.

i.    What was the decision, policy and plan and the policies, programs, practices, procedures, protocols, routines, and rules used by Defendants in paying Covered Employees <u>all</u>

9

<u>wages due</u> within eight days or once each calendar month, as classifying the Covered

Employees as exempt from overtime pay, and not paying them overtime pay.

       j.       Whether Defendants are and were subject to overtime requirements contained in

the applicable state laws, presently consisting of the laws of New Hampshire, but possibly

consisting of the laws of other states, as may be revealed in discovery.

       k.       Whether the Covered Employees were entitled to overtime pay under the said

applicable state laws.

       35.    <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the Covered

Employees.  Plaintiffs and other class members sustained losses, injuries and damages arising

out of the Defendants' decision, policy and plan, and common policies, programs, practices,

procedures, protocols, routines, and rules referred to in this claim for relief, which were applied

to the other Covered Employees as well as Plaintiffs.  Plaintiffs seek recoveries for the same

types of losses, injuries, and damages as were suffered by the other Covered Employees as well

as Plaintiffs.

       36.    <u>Adequacy</u>: Plaintiffs are able fairly and adequately to protect the interests of all

members of the class.  The attorneys for Plaintiffs and the potential class are qualified and

competent and very experienced in wage and hour class action litigation.  Plaintiffs are not

disqualified by interests antagonistic to the remainder of the class.

       37.    <u>Superiority</u>:  A class action is superior to other available means for the fair and

efficient adjudication of this controversy.  Individual joinder of all class members is

impractical.  Class action treatment will permit a large number of similarly situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of effort and expense that numerous individual actions engender.

Also, because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public of adjudication of individual litigation and claims would be very substantial, and substantially more than if the claims are treated as class action.  Individual litigation and claims would also present the potential for inconsistent or contradictory results.  The issues in this action can be decided by means of common, classwide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.  Defendants and other employers nationwide violate wage and hour laws.  Their current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Their former employees are fearful of bringing claims because doing so can harm their employment and future employment and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

## **PRAYER**

WHEREFORE, Plaintiffs pray judgment for themselves and all other on whose behalf this suit is brought, against Defendants, jointly and severally, as follows, with recoveries totaling no less than $5 million:

A.    For such general, special and liquidated damages as may be appropriate, including all damages alleged above.

B.      For unpaid wages at overtime rates for all overtime work.

C.      For the unpaid wages and 10 percent unpaid wages provided for under New

Hampshire law as stated above.

D.      For pre-judgment interest.

E.      For permanent injunctive and declaratory relief as described above.

F.      For costs of suit and attorneys' fees.

G.      For such other relief as the Court deems just and proper.

### JURY DEMAND

The Plaintiffs demand a trial by jury on all issues so triable.

> DEBBIE L. TREZVANT, TIMOTHY CAHILL, DEBORAH CHERYL ARCH, and MARY-CATHERINE PICHE, each of them individually and on behalf of all others similarly situated and similarly situated current and former employees of Defendants, by their attorneys,
>
> __/s/ Thomas E. Kenney_____
> Thomas E. Kenney (BBO#516590)
> Pierce & Mandell, P.C.
> 11 Beacon Street, Suite 800
> Boston, MA 02108
> (617) 720-2444
>
> Ira Spiro (CA State Bar No. 67641)
> Rebecca Sobie (CA State Bar. No. 179562)
> Spiro Moss Barness Harrison & Barge LLP
> 11377 W. Olympic Blvd., 5th Floor
> Las Angeles, CA 90063-1683
> (310) 235-2468
>
> Charles Joseph (CJ-9442)
> Joseph & Herzfeld LLP
> 757 Third Avenue, 25th Floor
> New York, NY 10017
> (212) 688-5640

Dated: June 22, 2006