UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IAN O'DONNELL AND DAVID JOLICOEUR, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL INC. AND ROBERT HALF CORPORATION,<br><br>　　　　　　　　　Defendants. | CIVIL ACTION NO. 04-CV-12719 NMG |

### DEFENDANTS' STATEMENT PURSUANT TO
### FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1(D)

Pursuant to Fed.R.Civ.P. 26(f) and Local Rule 16.1(B), counsel for Defendants Robert Half International Inc. and Robert Half Corporation (collectively the "Defendants") certify that they have conferred with counsel for Plaintiffs Ian O'Donnell and David Jolicoeur (collectively the "Plaintiffs") regarding, among other things, preparing an agenda of matters to be discussed at the August 19, 2005 Scheduling Conference in the above-captioned matter, preparing a proposed pretrial schedule for the case, including a plan for discovery, considering whether the parties will consent to a trial by magistrate judge and the possibility of a settlement of the case. The parties have been unable to agree on the majority of these issues. Defendants therefore set forth below their statement pursuant to Rule 26(f) and Local Rule 16.1(D), with the understanding that Plaintiffs will submit their own statement to the Court.

**A.**　**Summary of Action**

Plaintiffs Amended Complaint alleges that salaried Staffing Managers, Account Executives and Account Managers employed by Defendants were misclassified as exempt from

the overtime requirements of Massachusetts law and the federal Fair Labor Standards Act ("FLSA"). Plaintiffs assert their Massachusetts law claims as a putative class action pursuant to Fed.R.Civ.P. 23 and their FLSA claims as a putative collective action pursuant 29 U.S.C. § 216(b). Defendants deny that any of their employees were misclassified as exempt and deny that Plaintiffs' claims are appropriate for class or collective action treatment.

Plaintiffs filed a Motion to Facilitate § 216(b) Notice ("Plaintiffs' Motion") on May 11, 2005, and Defendants filed an opposition to that motion on June 24, 2005.

**B.     Initial Disclosures**

Defendants served their Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1) and Local Rule 26.2(A) on counsel for Plaintiffs on or about June 2, 2005. Plaintiffs have not yet served Initial Disclosures on Defendants.

**C.     Plan for Discovery Prior to Hearing on Plaintiffs' Motion**

**1. Document Requests**

Defendants served document requests on Plaintiffs pursuant to Fed.R.Civ.P. 34 on June 2, 2005. Plaintiffs' responses to Defendants' document requests were due on July 5, 2005. Plaintiffs did not timely respond to Defendants' document requests, and did not contact Defendants' counsel to request an extension of time in which to respond until more than a week after the due date had passed. Plaintiffs still have not responded to Defendants' document requests or produced documents responsive to those requests, and have refused to agree to a schedule that would require them to produce documents in advance of the Court's hearing on Plaintiffs' Motion. Defendants request that the Court order Plaintiffs to respond to Defendants' requests for production of documents and produce documents responsive to those requests immediately.

### 2. Plaintiffs' Depositions on Issues Presented by Plaintiffs' Motion

On June 2, 2005, Defendants noticed both Plaintiffs' depositions for the week of July 12, 2005, seeking to depose them only on the issues presented by Plaintiffs' Motion. Plaintiffs' counsel telephoned Defendants' counsel shortly before the depositions were scheduled to occur and stated that they were not prepared to produce Plaintiffs for deposition on the dates noticed. Defendants' counsel has attempted in good faith to reschedule Plaintiffs' depositions, but Plaintiffs' counsel has refused to produce Plaintiffs for depositions before the Court rules on Plaintiffs' Motion. At this time, Defendants seek to depose Plaintiffs only on matters relevant to the issues presented by Plaintiffs' Motion, and would continue their depositions on matters relevant to their substantive claims after the Court rules on Plaintiffs' Motion. Defendants request that the Court order Plaintiffs to appear for their depositions promptly after responding to Defendants' document requests, and prior to a hearing on Plaintiffs' Motion.

### 3. Hearing on Plaintiffs' Motion

Defendants request that the Court schedule a hearing on Plaintiffs' Motion for a date after Plaintiffs' depositions on the issues presented by that motion. Defendants anticipate that they can complete their examination on those limited issues in one day of testimony from each Plaintiff.

**D.     Plan for Discovery After the Court Decides Plaintiffs' Motion**

At this time, Defendants propose the following discovery schedule, if the Court denies Plaintiffs' Motion.

| Period of Time After the Court Denies Plaintiffs' Motion | Event |
|---|---|
| 6 months | Parties complete substantive discovery |
| 10 months | Parties serve and file all pre-trial dispositive motions with supporting documents |
| 12 months | Parties serve and file oppositions to pre-trial dispositive motions with supporting documents |
| 13 months | Parties designate trial experts (if any) |
| 14 months | Parties exchange expert reports (if any) |
| 15 months | Parties complete expert depositions (if any) |

In the event that the Court were to allow Plaintiffs motion in whole or in part, Defendants request that the Court hold a further Scheduling Conference after the close of any period during which the Court allows putative class members to file consents to participate in this litigation.

**E.     Trial By Magistrate Judge**

Defendants do not consent to trial by Magistrate Judge.

**F.     Consent to Alternate Dispute Resolution**

Defendants do not consent to alternate dispute resolution at this time.

G. **Certification Pursuant to Local Rule 16.1(D)(3)**

Defendants' Certification Pursuant to Local Rule 16.1(D)(3) is attached hereto as Exhibit A.

|  |  |
|---|---|
|  | Respectfully Submitted, <br> Defendants, <br> ROBERT HALF INTERNATIONAL INC. AND <br> ROBERT HALF CORPORATION <br> By their attorneys, <br><br> _____/s/ Richard L. Alfred_____ <br> Richard L. Alfred (BBO # 015000) <br> Krista G. Pratt (BBO # 644741) <br> Barry J. Miller (BBO # 661596 ) <br> SEYFARTH SHAW LLP <br> World Trade Center East <br> Two Seaport Lane, Suite 300 <br> Boston, MA 02210-2028 <br> Telephone:    (617) 946-4800 |
| August 15, 2005 | Telecopier:    (617) 946-4801 |

**CERTIFICATE OF SERVICE**

I, Barry J. Miller, hereby certify that on this 15th day of August, 2005, a true copy of the foregoing document was mailed, postage prepaid, to counsel for Plaintiffs, Alfred Gordon Esq. and Shannon Liss-Riordan, Esq. at Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C. 18 Tremont Street, Suite 500, Boston, MA, 02108.

_____/s/ Barry J. Miller_____
Barry J. Miller

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

I, Barry J. Miller, hereby certify that I have conferred with counsel for Plaintiffs, Alfred Gordon, Esq. and Steven Young, Esq. by telephone and electronic mail, regarding the scheduling matters addressed above.  Despite attempting in good faith to resolve or narrow the issues, the parties were unable to reach an agreement on those issues.

_____/s/ Barry J. Miller_____
Barry J. Miller

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IAN O'DONNELL AND DAVID JOLICOEUR, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL INC. AND ROBERT HALF CORPORATION,<br><br>               Defendants. | CIVIL ACTION NO. 04-CV-12719 NMG |

## DEFENDANTS' CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3)

Pursuant to Local Rule 16.1(D)(3), Defendants Robert Half International Inc. and Robert Half Corporation, hereby submit this Certification Pursuant to Rule 16.1(D)(3) of the Local Rules of the United States District Court for the District of Massachusetts.

BO1 15731185.1

      Defendants and Defendants' counsel hereby certify that they have conferred: (a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Respectfully submitted,

| ROBERT HALF INTERNATIONAL, INC. AND ROBERT HALF CORPORATION | SEYFARTH SHAW LLP |
|---|---|
| /s/ Kimberly Bennion | /s/ Barry J. Miller |
| Kimberly Bennion, Esq. | Richard L. Alfred (BBO # 015000) |
| Associate General Counsel | Krista G. Pratt (BBO # 644741) |
| | Barry J. Miller (BBO # 661596) |
| | SEYFARTH SHAW LLP |
| | World Trade Center East |
| | Two Seaport Lane, Suite 300 |
| | Boston, MA 02210-2028 |
| | Telephone:  (617) 946-4800 |
| Dated: August 12, 2005 | Telecopier: (617) 946-4801 |

**CERTIFICATE OF SERVICE**

    I, Barry J. Miller, hereby certify that on this 15th day of August, 2005, a true copy of the foregoing document was mailed, postage prepaid, to counsel for Plaintiffs, Alfred Gordon Esq. and Shannon Liss-Riordan, Esq. at Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C. 18 Tremont Street, Suite 500, Boston, MA, 02108.

_/s/ Barry J. Miller_
Barry J. Miller
