UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBBIE L. TREZVANT, TIMOTHY CAHILL, DEBORAH CHERYL ARCH, and MARY-CATHERINE PICHE, each of them individually and on behalf of all others similarly situated and similarly situated current and former employees of Defendant<br><br>Plaintiffs,<br><br>v.<br><br>FIDELITY EMPLOYER SERVICES CORPORATION, FIDELITY EMPLOYER SERVICES COMPANY, LLC, and FMR CORP.,<br><br>Defendants. | Case No. 05-10673 (WGY) |

**PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE
CERTIFICATION AND TO FACILITATE NOTICE
PURSUANT TO 29 U.S.C. § 216(b); AFFIDAVIT OF REBECCA J SOBIE
(HEARING REQUESTED)**

Memorandum, Affidavits and Exhibits in Support of Motion Filed Concurrently

Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), Plaintiffs, Debbie Trezvant, Timothy Cahill, Deborah Cheryl Arch, and Mari-Catherine Piche ("Plaintiffs") move for an order as set forth below. The motion is on behalf of Plaintiffs and on behalf of all others employed by Defendants within the three years before the commencement of this action in jobs with the titles, "Business Analyst," "Technical Analyst," "Configuration Analyst," "Project Analyst," and "Reporting Analyst."

These employees and former employees are collectively referred to herein as the "Covered Employees."

By this motion, Plaintiffs seek an Order for the following:

(1) Pursuant to the FLSA and cases interpreting it, that the Court facilitate and authorize notice of this action to the Covered Employees. The notice is to include a consent form (opt-in form) authorized by the FLSA. (This is far different from notice of pendency of a class action under Fed. Rule of Civ. Proced., Rule 23. Rule 23 applies to the separate state law claim for relief in this case, not the FLSA claim for relief. Plaintiffs will seek Rule 23 notice for the state law claim for relief at a later time.)

(2) That the Court approve the proposed FLSA notice of this action (Exhibit A) and the consent form (Exhibit B).

(3) That the Court conditionally certify this action as a representative collective action pursuant to the FLSA, 29 U.S.C. § 216(b). (This, too, is far different from certification of a class action under Fed. Rule of Civ. Proced., Rule 23. Again, that rule does not apply to certification under the FLSA.)

(4) That the Court order Defendants to produce forthwith to Plaintiffs the names, addresses, alternate addresses, and all telephone numbers of all Covered Employees.

(5) That the Court order Defendants to post the Notice, along with the consent forms, in each of Defendants' offices where Covered Employees are employed.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs believe oral argument will assist the Court and hereby request that the Court hold oral argument on this motion.

        DEBBIE L. TREZVANT, TIMOTHY CAHILL, DEBORAH CHERYL ARCH, and MARY-CATHERINE PICHE, each of them individually and on behalf of all others similarly situated and similarly situated current and former employees of Defendants,

**By their attorneys,**

Dated: September 12, 2005

By:   /tek/
        Thomas E. Kenney (BBO#516590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444

Dated: September 12, 2005

By: _____
        Ira Spiro (CA State Bar No. 67641)
Dennis F. Moss (CA State Bar No. 77512)
Rebecca J Sobie (CA State Bar No. 179562)
Spiro Moss Barness Harrison & Barge LLP
11377 W. Olympic Blvd., 5th Floor
Las Angeles, CA 90063-1683
(310) 235-2468

Dated: September 12, 2005

By: _____
        Charles Joseph (NY State Bar No. CJ-9442)
Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, NY 10017

## AFFIDAVIT

I, Rebecca J Sobie, state under penalty of perjury, as follows:

1. I am an attorney at law in good standing with the State Bar of California, and licensed to practice law in all state and district courts of the State of California. I am admitted on a *pro hac vice* basis to this Court to appear and practice in the above-captioned case. I am an associate with Spiro Moss Barness Harrison & Barge LLP, co-counsel of record for Plaintiffs herein. This declaration is made of my own personal knowledge, and if called upon to testify to the contents herein, I could and would do so competently.

2. This declaration is submitted in support of Plaintiffs' Motion for Conditional Collective Certification and for Court Facilitation of Notice Pursuant to 29 U.S.C. § 216(b).

3. Pursuant to Local Rule 7.1(a)(2), I conferred with Barry J. Miller, counsel for Defendants, Fidelity Employer Services Corporation, Fidelity Employer Services Company LLC and FMR Corp., prior to filing this motion. I spoke with Mr. Miller by telephone on September 9, 2005, to advise him that Plaintiffs will file a motion seeking the following relief:

(a)    That the Court facilitate and authorize notice of this action to the "Covered Employees," as set forth in the amended complaint, comprising "Business Analysts," "Technical Analysts," "Configuration Analysts," "Project Analysts," and "Reporting Analysts."

(b)    That the Court approve the proposed FLSA Notice of this action.

(c) That the Court conditionally certify this action as a representative collective action pursuant to the FLSA.

(d) That the Court order Defendants to produce to Plaintiffs the names, addresses, and telephone numbers of the Covered Employees.

(e) That the Court order Defendants to post the proposed Notice, along with the consent forms, in each of Defendants' offices that employ Covered Employees.

4. During our telephone conversation on September 9, 2005, Mr. Miller stated that Defendants will oppose this motion, and would not agree to narrow the issues presented in the motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 12, 2005.

*Rebecca J Sobie*
Rebecca J Sobie