**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DEBBIE L. TREZVANT, TIMOTHY CAHILL, DEBORAH CHERYL ARCH, and MARY-CATHERINE PICHE, each of them individually and on behalf of all others similarly situated and similarly situated current and former employees of Defendants, )<br><br>Plaintiffs, )<br>v. )<br>)<br>FIDELITY EMPLOYER SERVICES CORPORATION, FIDELITY EMPLOYER SERVICES COMPANY LLC, and FMR CORP., )<br><br>Defendants. ) | CIVIL ACTION NO. 05-10673 WGY |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO OPPOSE PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

The Defendants move to extend the deadline for filing their opposition to the Plaintiffs' Motion for Conditional Class Certification ("Class Certification Motion"), and to postpone the hearing on that motion currently scheduled for October 26, 2005. <u>The Class Certification Motion is premature, since Defendants have not yet answered the Amended Complaint, there is a pending Motion to Dismiss and no Rule 16 Scheduling Conference has yet been held</u>. *See* Fed. R. Civ. P. 12(a)(4) (when a motion to dismiss is filed, the time period for filing an answer is delayed to ten days after such motion is denied). Moreover, this case has been pending for nearly six months, and not a single putative collective action member (apart from the named Plaintiffs) has filed a consent to join this lawsuit. Defendants also require additional time to investigate the Plaintiffs' complex factual and legal arguments presented in the Class

1

Certification Motion and to prepare supporting affidavits. Accordingly, Defendants state as follows:

1. Plaintiffs filed the Complaint initiating this action on April 5, 2005, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Shortly before the Defendants' responsive pleading was due, Plaintiffs filed an Amended Complaint on June 22, 2005, adding a count alleging violations of New Hampshire wage laws (Count II).

2. Defendants moved to dismiss Count II of Plaintiffs' Amended Complaint ("Motion to Dismiss"), on the ground that New Hampshire's overtime pay statute did not apply to Defendants. Upon Plaintiffs' request, Defendants agreed to a substantial extension of time for Plaintiffs to oppose the Motion to Dismiss. The Court, in response to a Joint Motion for Extension of Time, granted Plaintiffs leave to file their opposition to the Motion to Dismiss by October 31, 2005. As a result of the Plaintiffs' extension of time to file their opposition to Defendants' Motion to Dismiss, that Motion is pending and no answer has yet been filed in this case. *See* Fed. R. Civ. P. 12(a)(4).

3. On September 12, 2005, Plaintiffs filed the Class Certification Motion. The motion, together with the affidavits, exhibits, and memorandum in support of the motion, is forty-four pages long, and obviously took many weeks to prepare. In the Class Certification Motion, Plaintiffs argue, *inter alia*, that the putative class members are similarly situated to one another because they were all misclassified as exempt pursuant to the administrative exemption of the FLSA and denied overtime pay. However, this argument, as well as Plaintiffs' Class Certification Motion, is premature, since Defendants have not yet asserted any defenses in this matter. For example, Defendants could assert as defenses: (1) that a number of different

2

exemptions applied to putative class members; (2) that no overtime is owed because some putative class members worked no more than forty hours per week, or (3) that some putative class members have been paid any overtime owed. These different defenses would impact this Court's determination regarding whether to conditionally certify the class and issue notice to putative collective action members.

4. A hearing on the Class Certification Motion is currently scheduled for October 26, 2005, which is before adjudication of the Motion to Dismiss and consequently prior to the deadline for filing an answer in this case.

5. Even if, as Plaintiffs argue in their Class Certification Motion, it is appropriate to conditionally certify a collective action prior to discovery, this Court (to Defendants' knowledge) has never certified or considered certifying a collective action prior to the filing of an answer in the case. *Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212 (D. Mass. 2001); *Reeves v. Alliant Techsystems, Inc.*, 77 F. Supp. 2d 242 (D. R.I. 1999); *Dionne v. The Ground Round,* 1994 U.S. Dist. LEXIS 21641, *12 (D. Mass.). Indeed, Defendants were unable to locate <u>any</u> reported cases in which a federal court conditionally certified the action prior to the answer being filed.

6. Defendants also require additional time to research the complex legal and factual issues raised in Plaintiffs' Class Certification Motion. Plaintiffs allege that the putative class is comprised of several hundred members. However, this potential class is populated by employees with vastly different job duties, in numerous locations, and who have worked, as Plaintiffs allege, for a variety of Defendants' clients. Accordingly, Defendants may need to obtain affidavits from a number of potential witnesses. In view of the importance of the Class

Certification Motion, Defendants should be allowed a comparable amount of time to oppose it as Plaintiffs had to prepare it.

      7. The Plaintiffs will not suffer any prejudice as a result of the extension. During discussions regarding the extension sought in this Motion, counsel for Plaintiffs has argued that the running of the statute of limitations vis-à-vis potential opt-in plaintiffs precludes them from agreeing to a postponement of the Class Certification Motion hearing. Since putative collective action members may join the lawsuit at any time by filing a notice with the Court, they need not wait for certification. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see also*, *Basch v. Ground Round, Inc.*, 139 F.3d 6, 10 (1st Cir., 1998) (FLSA "provides for an 'opt in' procedure for class actions, requiring individuals to affirmatively file consent to the action in order to be a member of the class.").

      8. Plaintiffs in an FLSA collective action bear the burden of showing that members of the putative class are interested in participating in the litigation to justify conditional certification of a class. *See, e.g., Pfohl v. Farmers Ins. Group*, 2004 U.S. Dist. LEXIS 6447, *31 (C.D. Cal.) (denying conditional certification of class in part because plaintiffs had failed to show that any members of the putative class were likely to assert similar claims); *Horne v. United Servs. Auto. Ass'n*, 279 F. Supp. 2d 1231, 1236 (M.D. Ala. 2003) (holding that before conditionally certifying an FLSA collective action, "the court must at least satisfy itself that there are other persons who are similarly situated *and who desire to opt-into this case*.") (emphasis added) (citing *Dybach v. Florida Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)). Even though this case has been pending for nearly six months, not a single putative collective action member (other than

the named Plaintiffs) has filed a consent to join this case. As such, Plaintiffs cannot meet their burden and cannot demonstrate any prejudice in delaying the Class Certification Motion. *See Horn*, 279 F. Supp. 2d at 236-37 (holding that plaintiff's affidavit testimony that he "believes" other similarly situated putative class members exist and desire to opt into the case was insufficient to meet his burden in moving for conditional certification).

    9.   <u>Plaintiffs' counsel has agreed only to a limited extension for Defendants' opposition to the Class Certification Motion, through October 7, 2005</u>. Plaintiffs' counsel refused to assent to a postponement of the hearing date.

WHEREFORE, for the reasons set forth above, the Defendants, through their counsel, respectfully request that this Court extend the deadline for the Defendants to file their response to the Plaintiffs' Class Certification Motion until November 11, 2005, and postpone the hearing on the motion for a date thereafter.

        Respectfully submitted,
DEFENDANTS FIDELITY EMPLOYER SERVICES CORPORATION, FIDELITY EMPLOYER SERVICES COMPANY LLC and FMR CORP.,
By their attorneys,

    /s/ Krista Green Pratt
Richard L. Alfred (BBO # 015000)
Krista G. Pratt (BBO # 644741)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:   (617) 946-4801

Brett C. Bartlett (admitted *pro hac vice*)
SEYFARTH SHAW LLP
1545 Peachtree Street, N.E., Suite 700
Atlanta, GA 30309-2401
Telephone:   (404) 892-6412
Telecopier:   (404) 892-7056

Dated: September 19, 2005

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

    I, Krista Green Pratt, Esquire, hereby certify that I conferred with counsel for the Plaintiffs, Ira Spiro and Tom Kenney, in an attempt to resolve issues associated with the instant Motion. Plaintiff's counsel assented to an extension of time to October 7, 2005 for Defendants' opposition to the Class Certification Motion, but otherwise refused to assent to this Motion.

    /s/ Krista Green Pratt
    Krista Green Pratt