DEBBIE L. TREZVANT, TIMOTHY
CAHILL, DEBORAH CHERYL ARCH,
and MARY-CATHERINE PICHE, each of
them individually and on behalf of all
others similarly situated and similarly
situated current and former employees of
Defendant

      Plaintiffs,

      v.

FIDELITY EMPLOYER SERVICES
CORPORATION, FIDELITY
EMPLOYER SERVICES COMPANY,
LLC, and FMR CORP.,

      Defendants.

Case No. 05-10673 (WGY)

TABLE OF CONTENTS

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS OR STRIKE COUNT II OF THE FIRST AMENDED COMPLAINT
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.    PLAINTIFFS STATE A VALID CLAIM FOR RELIEF UNDER NEW HAMPSHIRE
      LAW  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      A.    Defendants Must Meet a High Standard to Obtain Dismissal for Failure to State a
            Claim Upon Which Relief Can Be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      B.    New Hampshire Law Establishes a Valid State Law Claim for Relief for Failure to
            Pay Overtime Required by the Fair Labor Standards Act.
            . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.   PLAINTIFFS' STATE LAW CLAIMS MAY BE BROUGHT AS A CLASS ACTION
      UNDER F.R.Civ.P. 23.
      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
      A.    New Hampshire Law Does Not Prohibit Plaintiffs From Bringing Their State
            Wage Claims As a Class Action  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
      B.    The Fact Plaintiffs Are Bringing an FLSA Claim Does Not Bar Them From
            Bringing State Wage Claims As A Rule 23 Class Action.
            . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
      C.    Defendants' Motion To Strike Is Improper  . . . . . . . . . . . . . . . . . . . . . . . . . . 16
      D.    Dismissal of Plaintiff Mary-Catherine Piche . . . . . . . . . . . . . . . . . . . . . . . . . . 17

TABLE OF AUTHORITIES

Accord, In re Charter Co.
  876 F.2d 866, 872 (11th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Accounting Outsourcing, LLC v. Verizon Wireless Personal Communications, L.P.
  329 F.Supp.2d 789, 802-803 (M.D. La. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Ansoumana v. Gristede's Operating Corp.
  201 F.R.D. 81 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Ansoumana
  201 F.R.D. at 90. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Ashby v. Farmers Ins. Co. of Or.
  No. CV 01-1446-BR, 2004 WL 2359968, at *8 (D. Or. Oct. 18, 2004) . . . . . . . . . . . . . 9

Beltran-Benitez v. Sea Safari, Ltd.
  180 F.Supp.2d 772, 774 (E.D.N.C. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Beltran-Benitez
  180 F. Supp. 2d at 774 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

Califano v. Yamasaki
  442 U.S. 682 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-10

Chandler v. Perini Power Constructors
  520 F. Supp. 1152 (D.N.H. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Conley v. Gibson
  355 U.S. 41, 45-46 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Core Funding Group, LLC v. Young,
  792 N.E.2d 547, 549 & n.1 (Ind. Ct. App. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

De Asencio v. Tyson Foods, Inc.
  342 F.3d 301 (3d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Frank v. Gold'n Plump Poultry, Inc.
  No. Civ. 041018JNERLE, 2005 WL 2240336 (D. Minn. Sept. 14, 2005) . . . . . . . . 11, 12

Goldman v. RadioShack Corp.
  No. Civ. A 2:03-CV-0032, 2003 WL 21250571 at *4 (E.D. Pa. April 16, 2003) . . 14, 15

Harper v. Yale Int'l Ins. Agency
  No. 03 C 3789, 2004 WL 1080193 (N.D. Ill. May 12, 2004) . . . . . . . . . . . . . . . . . . . 14

Hawaii v. Standard Oil of Cal.
    405 U.S. 251, 266 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Guardianship of Raymond E
    135 N.H. 688, 609 A.2d 1220 (N.H. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Ives v. Manchester Subaru, Inc
    126 N.H. 796, 498 A.2d 297 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Jackson v. City of Antonio
    220 F.R.D. 55 (W.D. Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Johansen v. United States
    F. Supp. 2d ___, 2005 WL 2356913, *3 (D. Mass. July 14, 2005) . . . . . . . . . . . . . . . 4

Karpowicz v. General Motors Corp.
    No. 97 C 1390, 1997 WL 285943 *3 (N.D. Ill. May 23, 1997) . . . . . . . . . . . . . . . . . . 16

Labor Ready Northeast, Inc. v. New Hampshire Department of Labor
    147 N.H. 721, 798 A.2d 48 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Ladegaard v. Hard Rock Concrete Cutters, Inc.
    No. 00 C 5755, 2000 WL 1774091, at *7 (N.D. Ill. Dec. 1, 2000) . . . . . . . . . . . . . 11, 15

Leuthold v. Destination America, Inc.
    224 F.R.D. 462 (N.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Loy v. Motorola, Inc 2004 WL 2967069 (N.D. ILL) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Mascol v. E & L Transp.
    No. CV-03-3343 CORPORATIONS, 2005 WL 1541045 *7 (E.D.N.Y. June 29, 2005)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

McLaughlin v. Liberty Mutual. Ins. Co.
    224 F.R.D. 304, 308 (D. Mass. 2004) (Keeton, J.) . . . . . . . . . . . . . . . . . . . . . . . . 12, 15

McLaughlin v. Liberty Mutual. Insurance Company,
    224 F.R.D. 304, 308 (D. Mass. 2004, Keeton, J.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

O'Brien v. Encotech Constr.
    No. 00-CV-1133, 2004 WL 609798 *1 (N.D. Ill. March 23, 2004) . . . . . . . . . . . . . . . 15

Rossiter v. Potter
    357 F.3d 26 (1st Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

St. Joseph Hosp. of Nashua v. Rizzo
  141 N.H. 9, 676 A.2d 98 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Trotter v. Perdue Farms, Inc.
  No. CIV. A. 99-893-RRM, 2001 WL 1002448 (D. Del. Aug. 16, 2001) . . . . . . . . . . . . 15

United Mine Workers v. Gibbs
  383 U.S. 715, 726 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Zelaya v. J.M. Macias, Inc
  175 F.R.D. 625, 626 (E.D.N.C.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13


STATUTES

29 U.S.C. § 207 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

224 F.R.D. at 308. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

29 C.F.R. 785.49 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

29 C.F.R. 785.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

F.R.Civ.P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 7, 8, 9, 10, 13

29 U.S.C. § 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

F. R. Civ. P. 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 16

F.R.Civ.P. 23(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Mn. Stat. Ann. § 77.27 (West 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

N.C. Gen. Stat. Ann. § 95-25.22 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

N.H. Code Admin. R. Ann. §803.05 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

N.H. Rev. Stat. Ann. § 275:53 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

N.H. Rev. Stat. Ann. § 275:54 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

N.H.Rev.Stat.Ann §275.44 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

OTHER AUTHORITIES

10 Newberg on Class Actions Appendix IX-F (4th ed.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

New Hampshire Administrative Procedure Act,
    Section 541-A:1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

DEBBIE L. TREZVANT, TIMOTHY
CAHILL, DEBORAH CHERYL ARCH,
and MARY-CATHERINE PICHE, each of
them individually and on behalf of all
others similarly situated and similarly
situated current and former employees of
Defendant

        Case No. 05-10673 (WGY)

        Plaintiffs,

      v.

FIDELITY EMPLOYER SERVICES
CORPORATION, FIDELITY
EMPLOYER SERVICES COMPANY,
LLC, and FMR CORP.,

        Defendants.

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STRIKE COUNT II OF THE FIRST AMENDED COMPLAINT

Plaintiffs, Debbie L. Trezvant, Timothy Cahill and Deborah Cheryl Arch (collectively, "Plaintiffs") respectfully submit this memorandum of law in opposition to the motion by Fidelity Employer Services Corporation, Fidelity Employer Services Company LLC and FMR (collectively, "Defendants" or "Fidelity") seeking to dismiss or strike Count II of the First Amended Complaint ("FAC").

Plaintiffs are former employees of Defendants who bring this action to recover unpaid overtime compensation for themselves and current and former employees of Defendants who held jobs with the titles "business analyst," "technical analyst," "configuration analyst," "project analyst," and "reporting analyst," and those who performed the same work as employees with those titles (collectively, the "Covered Employees"). (FAC ¶ 2)

1

This motion addresses Plaintiffs' Second Claim for Relief only (also referred to as Count II), not the First. The Second Claim for Relief is under New Hampshire law. It alleges that Defendants failed to pay, in the words of the New Hampshire statutes, "all wages due," and wages "in full," within the time periods required by New Hampshire law, N.H. Rev. Stat. Ann. § 275:43 and § 275.44 (2005). (FAC ¶¶8-10, 24-29.)

The gist of this second claim for relief is simple. Defendants were required to pay the Covered Employees overtime, but they misclassified them as not entitled to overtime pay. Thus, because Defendants never paid the overtime pay, Defendants necessarily violated the New Hampshire statutes requiring payment of "all wages due" and "in full" within the statutory times.

Defendants' motion seeks dismissal of Count II for failure to state a claim, or in the alternative "to strike Count II of the Amended Complaint pursuant to Fed.R.Civ.P. 12(f) to the extent that Plaintiffs purport to assert New Hampshire state law claims on a class action basis." Defendants' main attack on this cause of action is that "wages" under these statutes do not include overtime pay required by the Fair Labor Standards Act (FLSA). But Defendants are wrong, under a simple three-step analysis, discussed more at length later in this brief:

(1) New Hampshire law, for instance, N.H. Rev. Status. Ann. § 275.43, provides that "all wages due" must be paid within stated periods of time.

(2) The New Hampshire regulations under this statute incorporate FLSA regulations.

(3) The incorporated FLSA regulations include the overtime requirements of the FLSA.

As to Defendants' argument that Count II should not proceed as a class action, Defendants argue that the New Hampshire wage statute does not expressly authorize class actions. But F.R.Civ.P. 23 class action jurisprudence permits class actions under a host of laws,

including wage laws, that do not expressly authorize class actions. Defendants also argue that it would be improper to allow an opt-out class under the FLSA and an opt-in class under Rule 23, both for essentially the same wage claims. But a great many federal courts have done just that, including this Court in *McLaughlin v. Liberty Mutual. Insurance Company,* 224 F.R.D. 304, 308 (D. Mass. 2004, Keeton, J.).

The New Hampshire Supreme Court has held that the New Hampshire statute requiring timely payment of "all wages," N.H. Rev. Stat. Ann. § 275.53, must be construed so as to "effectuate the broad purpose of protecting employees." *Galloway v. Chicago-Soft, Ltd.*, 142 N.H. 752, 713 A.2d 982, 986 (N.H. 1998) "We construe RSA chapter 275 in general, and RSA 275:53, III in particular, to effectuate the broad purpose of protecting employees." *Id.* In construing the chapter in which this statute is contained, the court held: "'[W]e are guided by the fact that the statutory chapter in question is entitled 'Protective Legislation,' so that we are obligated to construe it to give effect to the legislature's remedial purpose.") *Ives v. Manchester Subaru, Inc.*, 126 N.H. 796, 804, 498 A.2d 297, 303 (N.H. 1985) (internal citation omitted).

It is contrary to these New Hampshire Supreme Court principles to interpret the New Hampshire statutes to exclude overtime required by the FLSA, especially given that the New Hampshire regulations incorporate FLSA overtime regulations. It is also contrary to these principles to read into the statute a restriction on class actions.

Plaintiffs' First Claim for Relief, not a subject of this motion, is under federal law, the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.* (FLSA). It alleges that Defendants failed to pay plaintiffs and other similarly situated employees overtime (time and half) rates for work in

3

excess of forty hours per workweek as required by the FLSA. It also alleges Defendants failed to make, keep, maintain and preserve accurate records as required by the FLSA.[1]

Defendants' motion also seeks dismissal of the individual claims of plaintiff Piche. We discuss this near the end of this brief.

## ARGUMENT

### I.  PLAINTIFFS STATE A VALID CLAIM FOR RELIEF UNDER NEW HAMPSHIRE LAW.

#### A.  Defendants Must Meet a High Standard to Obtain Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted.

Defendants must meet a high standard in order to have a claim for relief dismissed for failure to state a claim. There must be no dismissal for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint's allegations in the light most favorable to the plaintiff. The court must "assume the truth of all well-pleaded facts contained in the complaint and indulge all reasonable inferences therefrom to the plaintiff's behalf." *Rossiter v. Potter*, 357 F.3d 26 (1st Cir. 2004). "If, under any theory, the complaint is 'sufficient to state a cause of action in accordance with the law, a motion to dismiss the complaint must be denied.'" *Johansen v. United States*, ___ F. Supp. 2d ___, 2005 WL 2356913, *3 (D. Mass. July 14, 2005) (internal citation omitted).[2]

_____

[1] Regarding the FLSA claim, on October 26, 2005, this Court granted Plaintiffs' motion under the FLSA for conditional certification and notice and production of names and addresses. The motion was granted as to the Business Analyst, Project Analyst, and Reporting Analyst positions.

[2] Plaintiffs have attached all non-published opinions and statutes (and those opinions pending formal citation) that are cited in this brief, in addition to cited treatises, in their concurrently-filed Appendix of Non-Published cases, statutes and treatises.

**B.** **New Hampshire Law Establishes a Valid State Law Claim for Relief for Failure to Pay Overtime Required by the Fair Labor Standards Act.**

As we state above, a simple three-step analysis demonstrates a New Hampshire law cause of action for failure to pay overtime required by the FLSA:

(1) New Hampshire law, N.H. Rev. Stat. Ann. § 275.43, for instance, provides that "all wages due" must be paid within stated periods of time.[3]

(2) The New Hampshire regulations under this statute provide: "For the purpose of determining '**all wages due**' for hours worked in accordance with RSA 275:43, the department of labor, under the authority provided by RSA 275:54, incorporates the 'Wage and Hour Publication 1312, Title 29 Part 785 of the Code of Federal Regulations, United States Department of Labor." N.H. Code Admin. R. Ann. 803.05 (2005) (emph. added). This regulation was promulgated under a broad grant of authority "for the purpose of carrying out" the wage statutes, and to "implement, interpret, or make [them] specific.[4]

---

[3] N.H. Rev. Stat. Ann. § 275:43 provides in relevant part: "Every employer shall pay all wages due to employees within 8 days including Sunday after expiration of the week in which the work is performed, except when permitted to pay wages less frequently as authorized by the commissioner pursuant to paragraph II, on regular paydays designated in advance by the employer."

[4] N.H. Rev. Stat. Ann. § 275:54 states: "The commissioner is authorized to issue such **rules** and regulations as he determines necessary **for the purpose of carrying out the provisions** of this subdivision." (Emph. added.) Under Section 541-A:1 of the New Hampshire Administrative Procedure Act, a "rule," such as regulation 803.05, "means each regulation, standard, or other statement of general applicability adopted by an agency to (a) **implement, interpret, or make specific** a statute enforced or administered by such agency . . .." (Emph. added .)

(3) These federal regulations incorporated by New Hampshire for purposes of defining "**all wages due**" include 29 C.F.R. 785.5 and 29 C.F.R. 785.49, both of which state the **overtime wage** requirements of the FLSA:

> (a) 29 C.F.R. 785.5: "General requirements of sections 6 and 7 of the Fair Labor Standards Act. Section 6 requires the payment of a minimum wage by an employer to his employees who are subject to the Act. Section 7 prohibits their employment for more than a specified number of hours per week without proper overtime compensation.

> (b) 29 C.F.R. 785.49 provides in pertinent part: "Applicable provisions of the Fair Labor Standards Act. . . .(b) Section 7. Section 7(a) of the Act (29 U.S.C. 207) provides that persons may not be employed for more than a stated number of hours a week without receiving at least one and one-half times their regular rate of pay for the overtime hours.

Thus, N.H. Rev. Status. Ann. § 275.43 requirement for payment of "all wages due" includes, in the definition of "all wages due," overtime wages required by the FLSA.

In light of this, it is not surprising that not one of the cases cited by Defendants holds that N.H. Rev. Stat. Ann. § 275:43 excludes overtime wages due under the FLSA. Indeed, none of Defendants' cases involve FLSA claims at all. Def. Br. at 4, citing *Ives v. Manchester Subaru, Inc.*, 126 N.H. 796, 498 A.2d 297 (1985); *Gilman v. Cheshire County,* 126 N.H. 445, 493 A.2d 485 (N.H. 1985); *Chandler v. Perini Power Constructors*, 520 F. Supp. 1152 (D.N.H. 1981). While Defendants do cite cases where plaintiffs were suing for wages owed under some sort of agreement with their respective employers, none of the cases hold that contractual wages are the only ones that may be pursued under N.H. Rev. Stat. Ann. § 275:43.

6

## II.    PLAINTIFFS' STATE LAW CLAIMS MAY BE BROUGHT AS A CLASS ACTION UNDER F.R.Civ.P. 23.

Defendants make two arguments in an attempt to prevent Plaintiffs from bringing their state law claims as a class action pursuant to F.R.Civ.P. 23.  First, Defendants argue that New Hampshire law does not allow it.  Secondly, Defendants assert that the fact that Plaintiffs are bringing an FLSA collective action bars them from seeking class relief for their state law claims. Both arguments are incorrect.

### A.    New Hampshire Law Does Not Prohibit Plaintiffs From Bringing Their State Wage Claims As a Class Action.

Based on nothing more than conjecture, Defendants assert that N.H. Rev. Stat. Ann. §275:53 is "like the FLSA's § 216(b)" and thus permits plaintiffs to bring actions "only on behalf of themselves and other individuals, if any, who expressly consent to participate in the litigation" *i.e.* to opt-in. (Def. Br. 5-6.)  However, even Defendants admit that unlike the FLSA -- which explicitly requires that plaintiffs must opt-in to the litigation -- the New Hampshire statute has no specified opt-in procedure. Def. Br. at 6 n.10.  New Hampshire law does not extend an express invitation to litigants to seek class relief for wage claims, nor does it prohibit class relief.

More importantly, the fact that there is no express authorization for class actions in the New Hampshire statutes actually has no bearing on whether a Rule 23 class action can be brought to enforce rights under the statutes, and certainly does not preclude Rule 23 class actions. The United States Supreme Court has so held.  In *Califano v. Yamasaki*, 442 U.S. 682 (1979), the Supreme Court addressed an analogous argument, seeking to disallow class relief because the statute at issue provided for actions by "any individual." *Id.* at 698.  The Court pointed out that **all** civil actions in federal court are governed by the Federal Rules of Civil Procedure, Rule 23,

7

which "provide for class actions of the type certified in this case." *Id.* at 699-700. The fact that

the statute "speaks in terms of an action brought by 'any individual' or that it contemplates case-

by-case adjudication does not indicate that the usual Rule [F.R.Civ.P. 23] providing for class

actions is not controlling, where under that Rule certification of a class action otherwise is

permissible." *Id.* at 700. The Court further explained that it was not unusual for statutes with

language contemplating a single plaintiff to give rise to class actions "since the Rule 23 class-

action device was designed to allow an exception to the usual rule that litigation is conducted by

and on behalf of the individual named parties only." *Id.* at 700-701.

The underlying substantive statute approved for class action treatment in *Califano* was a

federal statute. Here it is a New Hampshire statute. But that makes no difference to the legal

analysis. "In the absence of a direct expression by Congress of its intent to depart from the usual

course of trying 'all suits of a civil nature' under the Rules established for that purpose, class

relief is appropriate in civil actions brought in federal court." *Id.* at 700. Virtually any state

statute can be sued on in federal court, for instance by way of diversity jurisdiction or

supplemental jurisdiction. Any state legislature is aware of that. Here, as in *Califano*, the New

Hampshire legislature has made no direct expression of any intention to prohibit class relief

under its wage statute. (Moreover, it would be beyond the power of the New Hampshire

legislature to provide that its laws could not be enforced in a federal court, given the supremacy

of the federal diversity and supplemental jurisdiction statutes.) Thus here, as in Califano, "class

relief is appropriate in civil actions brought in federal court" upon the New Hampshire statute.

*Accounting Outsourcing, LLC v. Verizon Wireless Personal Communications, L.P.*, 329

F.Supp.2d 789, 802-803 (M.D. La. 2004) held that a Rule 23 class action could be brought for

8

conduct that violated both the state and federal statutes prohibiting unsolicited faxes, the UTMA (the Louisiana statute) and the TCPA (federal Telephone Consumer Protection Act). Defendants argued that "if the Louisiana legislature had wanted to provide for class actions, it could have done so in the statute [it did not]." Analogizing the case to *Califano*, the court held: "Here, as in *Califano*, the text of the TCPA and the UTMA does not specify the essential 'clear expression of congressional intent' to preclude application of F.R.Civ.P. 23." 329 F.Supp.2d at 803.

As stated in a well-respected treatise on class actions: "Rule 23 allows for class actions to 'enhance the efficiency' of any private right of action provided by law. Class action relief is unavailable only if Congress explicitly excludes it." 10 Newberg on Class Actions Appendix IX-F (4th ed.) (citing *Hawaii v. Standard Oil of Cal.*, 405 U.S. 251, 266 (1972); *Califano*, 442 U.S. at 699-700).[5]

*Core Funding Group, LLC v. Young*, 792 N.E.2d 547, 549 & n.1 (Ind. Ct. App. 2003) stated the following, which, though dicta, is a very important and very common statement of class action principles: "The TCPA does not expressly exclude class actions. A class action therefore is presumably available as a method for redressing violations. [citing *Califano*, 442 U.S. at 700.]" *Accord, In re Charter Co.*, 876 F.2d 866, 872 (11th Cir. 1989) (applying *Califano*), *cert. dismissed*, 496 U.S. 944 (1990); *Ashby v. Farmers Ins. Co. of Or.*, No. CV 01-1446-BR, 2004 WL 2359968, at *8 (D. Or. Oct. 18, 2004). Nothing less than an express ban on class actions will suffice to preclude class action treatment.

In *Loy v. Motorola, Inc.*, 2004 WL 2967069 (N.D. ILL.) the defendant argued that the statute at issue should be read as only permitting opt-in classes because its language "mirrore[d]"

---

[5] The cited excerpt from <u>Newberg</u> is attached to the concurrently-filed Appendix as Exhibit M.

that of the FLSA and the statute's legislative history suggested that "the enforcement scheme . . .

was intended to be identical to that of the FSLA [sic]." No. 03-C-50519, 2004 WL 2967069, at

*2 (N.D. Ill. Nov. 23, 2004), *reconsideration denied*, 2005 WL 61464 (Jan. 10, 2005). The

court, however, found this argument unavailing "because the plain language of the [statute] is

silent as to the appropriate vehicle for an action to proceed on the behalf of others, [so] this court

is inclined to apply" Rule 23. *Id.* at *3.

The authorities relied on by Defendants fail under *Califano* and the other cases above,

and in any event are readily distinguishable from the present case. For example, Defendants cite

*Labor Ready Northeast, Inc. v. New Hampshire Department of Labor,* 147 N.H. 721, 798 A.2d

48 (2002), which does not in any way discuss the availability of a class action under federal or

state law. In *Labor Ready*, the New Hampshire Department of Labor made a unilateral wage

adjustment for all of the company's employees without joining any employees as plaintiffs or

getting the consent of any of the employees to such a action. The court held that while New

Hampshire permitted employees to assign their claims to the Department, it did not give the

Department authority to bring such claims completely on its own without an express assignment.

Defendants cite *St. Joseph Hosp. of Nashua v. Rizzo*, 141 N.H. 9, 676 A.2d 98 (1996).

Def. Br. at 6 n.12. In *St. Joseph*, a hospital sued a patient's wife pursuant to RSA section 546-

A:7, claiming that she was liable for her husband's medical bills because she owed a duty of

support to her sick husband. The court held that the plain language created a statutory right to

sue in the obligee (husband, wife, child, father or mother), who could be reasonably expected to

owe a duty of support, but not in third parties, such as the hospital. 141 N.H. at 11-12, 676 A.2d

at 100. That is, the statute clearly enumerated who could sue under it, and that enumeration did

10

not include persons or entities such as the plaintiff. There was no issue of suing on behalf of a class. Here, all plaintiffs are entitled to sue under the New Hampshire wage laws in question, and the statute does not preclude suing on behalf of a class.

Defendants cite *In re Guardianship of Raymond E.*, 135 N.H. 688, 609 A.2d 1220 (N.H. 1992). Def. Br. at 6 n.12. That case is very much like *St. Joseph*, merely a question of whether the plaintiff has standing, not whether plaintiff can sue on behalf of a class. *Raymond E.* holds simply that New Hampshire law limits those who have standing to petition for guardianship of a minor child. 135 N.H. 691, 609 A.2d 1221-1222.

Defendants do not cite a single case holding that language similar to N.H. Rev. Stat. Ann. § 275:53 precludes class relief. To the contrary, courts have been faced with statutory language similar to the New Hampshire statute and permitted plaintiffs to seek class relief for their state wage claims. *See, e.g., Beltran-Benitez v. Sea Safari, Ltd.*, 180 F.Supp.2d 772, 774 (E.D.N.C. 2001) (North Carolina does not expressly permit class actions, but provides only that employers in violation of the state statute "shall be liable to the employee or employees affected"; N.C. Gen. Stat. Ann. § 95-25.22 (2005)); *see also Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2000 WL 1774091, at *7 (N.D. Ill. Dec. 1, 2000) (permitting class action for claims pursuant to Illinois law that provides "any employee" may bring an action to recover under the statute, Ill. Comp. Stat. Ann. 105/12 (West 2005)); *Frank v. Gold'n Plump Poultry, Inc.*, No. Civ. 041018JNERLE, 2005 WL 2240336 (D. Minn. Sept. 14, 2005) (class action allowed under Minnesota statute permitting "[a]n employee" to bring an action to redress violations of the law, Mn. Stat. Ann. § 77.27 (West 2005)).

11

**B.    The Fact Plaintiffs Are Bringing an FLSA Claim Does Not Bar Them From Bringing State Wage Claims As A Rule 23 Class Action.**

Defendants argue that the fact Plaintiffs are bringing an FLSA collective action makes it improper for Plaintiffs to simultaneously pursue New Hampshire law claims as a Rule 23 class action. This contention has been rejected by numerous courts, including this Court in *McLaughlin v. Liberty Mutual. Ins. Co.,* 224 F.R.D. 304, 308 (D. Mass. 2004) (Keeton, J.). As the court in *McLaughlin* explained, "[b]y enacting an opt-in regime for the FLSA, Congress sought to limit the scope of collective actions under federal law," but there is no reason to "infer from that restriction on *federal* remedies a concomitant restriction on *state* remedies. *Id.* (original emph.) "The presence of both FLSA and state claims has not prevented courts from certifying the state claims under Rule 23(b)." *Ladegaard*, 2000 WL 1774091 at *7.

Even a case cited by Defendants recognizes this fact. *See Jackson v. City of Antonio*, 220 F.R.D. 55 (W.D. Tex. 2003) (cited in Def. Br. At 9 n.17). While the *Jackson* court found compelling reasons for declining supplemental jurisdiction over the state claims, the court specifically <u>disclaimed</u> that "the FLSA's bar to a Rule 23 class prohibits the joint adjudication of a related claim organized under a Rule 23 class." *Jackson* at 59. In fact, "courts routinely certify FLSA opt-in classes and Rule 23 opt-out classes in the same action." *Frank*, 2005 WL 2240336 at *5.

Moreover, courts specifically have rejected Defendants' theory (Def. Br. at 8) that Plaintiffs will "subvert[] Congress' intent" by bringing their state law claims as a class action. *Frank,* 2005 WL 2240336, at *5 (court is "not persuaded" by the defendant's argument that the

12

plaintiffs' "state claims would undermine congressional intent that FLSA classes proceed as opt-in classes").

The court in *Beltran-Benitez, supra,* 180 F. Supp. 2d at 774, held:

"The crux of defendants' argument is that the provisions of these two statutes conflict because one employs an "opt in" scheme while the other binds all class members unless they 'opt out.' Under § 216(b) of the FLSA, an employee cannot be a plaintiff "unless he gives his consent in writing to become such a party and such consent is filed in the court." By contrast, under Fed.R.Civ.P. 23(c)(2), each member of the class is bound by the court's judgment unless the class member requests exclusion from the class. The rationale for not allowing a Rule 23 class as a supplemental claim is that the mandatory notice requirement of Rule 23 cannot be reconciled with the 'opt in' requirement of § 216(b).

. . . .

"The court finds this rationale unpersuasive. First, this court has previously determined that FLSA's prohibition of Rule 23 class actions does not bar the application of Rule 23 to a separate cause of action in the same complaint. *See Zelaya v. J.M. Macias, Inc.,* 175 F.R.D. 625, 626 (E.D.N.C.1997). In the instant case, the potential Rule 23 class action is predicated on a separate cause of action under the NCWHA. Second, defendants' contention that allowing a Rule 23 class action along with a statutory class action under §216(b) will "prohibit an orderly ... disposition of this case" is not grounded in fact. Both claims raise the same basic grievance: that plaintiffs were not paid the amount required under FLSA or under NCWHA. Resolving the NCWHA claims along with the FLSA claims will not be unduly burdensome, and is encouraged by the Supreme Court precedent in *Gibbs,* 383 U.S. at 725-28,(encouraging discretionary district court jurisdiction over factually related state claims). In this case, '[t]he essential facts and issues are likely to be the same, and pre-trial proceedings are not likely to be materially more burdensome, nor is it likely that a trial will be materially prolonged, if supplemental jurisdiction is exercised over the related' claims. *Ansoumana,* 201 F.R.D.at 90."

Perhaps because they recognize the weakness of such an argument, Defendants have not requested that this Court decline supplemental jurisdiction over Plaintiffs' state wage claims. Yet all of the cases Defendants cite in support of their argument for dismissing or striking Plaintiffs' Rule 23 class action allegations focus on that issue. Def. Br. at 9 n.17.

Not only are most of Defendants' cases easily distinguishable,[6] they are at odds with the many courts nationwide, including this Court, that have determined that permitting plaintiffs to pursue their state wage claims as a class action at the same time they are bringing a collective action for their FLSA claims is the most efficient use of judicial resources. "District Courts routinely exercise supplemental jurisdiction over related state labor law claims when the original jurisdiction is founded on 28 U.S.C. § 1331 and the plaintiffs are bringing an FLSA representative action." *Goldman v. RadioShack Corp.,* No. Civ. A 2:03-CV-0032, 2003 WL 21250571 at *4 (E.D. Pa. April 16, 2003) (citing cases).

"'[C]onsiderations of judicial economy, convenience and fairness to litigants' weigh in favor of hearing the state law claims at the same time as the federal law claims." *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)). In *Ansoumana,* 201 F.R.D. at 93, the court permitted plaintiffs to pursue their state claims as a class action together with their collective FLSA action because

> "the federal FLSA claims and the state Minimum Wage Act claims arise from the same nucleus of operative facts, are substantially related to each other, and naturally would be treated as one case and controversy. Indeed, it would be difficult to try them separately, for the findings in one case would tend to be preclusive as to the other or, if not preclusive, could expose the parties to inconsistent results."

---

[6]  *E.g., Harper v. Yale Int'l Ins. Agency,* No. 03 C 3789, 2004 WL 1080193 (N.D. Ill. May 12, 2004) (declining supplemental jurisdiction where plaintiffs alleged FLSA claims but only individually, not as a collective action, and only pursued their state claims as a class action); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003) (declining supplemental jurisdiction, in part, because of novel issues of state law, differences in proof between the state and FLSA claims and the way in which the suit evolved); *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004) (declining supplemental jurisdiction, in part, because of the high level of "discord in the potential class").

14

As the court in *Goldman* explained, 2003 WL 21250571 at *5 (internal citations omitted),:

> "The FLSA and WPCL [state law] claims 'are premised on the same events' and 'parallel one another.' 'It is likely that the two claims will either prevail or fail together.' If we were to remand certain class members, the two cases would be so related that any decision on the merits in one action would have preclusive effects on the other action. If the preclusive effects did not come to fruition, the cases may result in conflicting findings or judgments. Proceeding in both forums would needlessly increase litigation expenses for both parties."

Accord, *Beltran-Benitez,* 180 F.Supp.2d at 774 (permitting Rule 23 class for state law claims); *Frank,* 2005 WL 2240336, at *5 n.4 (court saw "no reason . . . to decline to exercise supplemental jurisdiction over Plaintiffs' state claims" because they were accompanied by a FLSA collective action); *Ladegaard,* 2000 WL 1774091, at *7 (finding "that a class action is a superior method of adjudicating the state claims" despite the fact that plaintiff was also bringing FLSA claim); *Mascol v. E & L Transp.,* No. CV-03-3343 CORPORATIONS, 2005 WL 1541045 *7 (E.D.N.Y. June 29, 2005) (finding the "state claim pendent on a nearly identical Federal claim, and thus judicial and party economy are served by trying both these claims in one forum"); *see also Trotter v. Perdue Farms, Inc.,* No. CIV. A. 99-893-RRM, 2001 WL 1002448 (D. Del. Aug. 16, 2001) (certifying opt-in and opt-out classes without discussion); *O'Brien v. Encotech Constr.,* No. 00-CV-1133, 2004 WL 609798 *1 (N.D. Ill. March 23, 2004) (same).

In *McLaughlin*, then Senior District Judge Keeton held that "[r]equiring the employees who have not opted in to the FLSA claim to pursue duplicative litigation in state court would be a waste of judicial resources and would increase litigation costs for the parties, perhaps prohibitively so for the remaining putative class members." 224 F.R.D. at 308.

As in the above cases, Plaintiffs' state wage and hour claims are a practical accompaniment to their FLSA claims, because they are based on the same factual circumstances as Plaintiffs' FLSA claims.  Namely, Defendants' erroneous classification of the Covered Employees as exempt from the overtime pay requirements of the FLSA and accordant denial of overtime pay.  Defendants' failure to pay Plaintiffs any overtime pay also violated New Hampshire law requiring the timely payment of all wages.  (FAC¶¶ 24-29)  Defendants do not contest that they did not pay overtime to the Covered Employees.  Thus, a finding that the Covered Employees are not exempt under the FLSA triggers damages under both the FLSA and New Hampshire law.

**C.    Defendants' Motion To Strike Is Improper.**

Defendants' motion to strike is nothing more than an alternative restatement of their motion to dismiss.  Motions to strike under FRCP 12(f) are intended to remove "any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f). Defendants have failed to identify any such material in the First Amended Complaint.  Instead – without citing any support whatsoever – they offer FRCP 12(f) as an alternative method for removing the class allegations for Plaintiffs' state law claims.  Def. Br. at 5.  This is reason enough for denying Defendants' motion. *Accord Karpowicz v. General Motors Corp.*, No. 97 C 1390, 1997 WL 285943 *3 (N.D. Ill. May 23, 1997) (refusing to review defendant's motion under 12(f) where it "does not identify any matters in the class allegations which are redundant, immaterial, impertinent or scandalous; its beef is with the sufficiency of the class allegations"). At the very least, Defendants' motion to strike should be reviewed under the same stringent standard as their motion to dismiss.

16

**D.**    **Dismissal of Plaintiff Mary-Catherine Piche.**

At the October 26, 2005 hearing on Plaintiffs' motion in their First Claim for Relief for conditional certification and notice under the FLSA, the Court also dismissed Plaintiff Piche's individual claims. Defendants' request for dismissal of Ms. Piche's claims is part of the instant motion, and Plaintiffs were not aware it would be ruled on at the October 26 hearing.

Be that as it may, if the dismissal were proper, Plaintiffs would not contest it on hyper-technical grounds. However, the dismissal was on statute of limitations grounds, and Plaintiffs note that Defendants' affidavit of Kyle Kane, filed October 7, 2007 in opposition to the October 26 motion, contains a statement that creates an issue of fact as to whether, for purpose of Count II (the state law claims), Plaintiff Piche is or is not barred by the statute of limitations.

Although in paragraph 37 of his affidavit, Mr. Kane states that Ms. Piche's "employment at FESCO ended" by November 1, 2001, in paragraph 38 he states, "Ms. Piche has not worked for any of the Defendants in any capacity from April 5, 2002." This case is against more than one Fidelity entity. Ms. Piche's affidavit stated that she held the analyst position until "*approximately* January, 2002" – she was not sure when her employment in that position ended.

Plaintiffs' initial complaint was filed on April 5, 2005, the same date stated by Mr. Kane in paragraph 38 of his affidavit. That stopped the running of the statute of limitations on all state law claims. The complaint did not assert state law claims at that time, but Plaintiffs filed an amended complaint in June, 2005, asserting state law claims in Count II based on the same operative facts as their FLSA claims in the original complaint. Because the claims in Count I are based on the same operative facts as Count II, the April 5 filing of the original complaint containing Count I only should stop the running of the state law statute of limitations.

17

The uncertainties created by the two dates in Mr. Kane's affidavit and the approximation in Ms. Piche's affidavit make it uncertain whether all of Ms. Piche's claims were or were not barred as of April 5, 2005. It should be borne in mind that a cause of action for wages arises not when the work is performed, but when pay is due for the work but is not paid. It is extremely rare for a paycheck to cover all wages due up through the day of the check. Thus, claims for overtime work done by Ms. Piche even on April 5, 2002, would not be barred until after April 5, 2005. Whether Ms. Piche's claims are barred warrants further discovery and examination.

## CONCLUSION

Defendants' motion should be denied in full, including dismissal on grounds of state law, striking class action allegations, and dismissal of Ms. Piche's claims.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs believe oral argument will assist the Court and hereby request that the Court hold oral argument on this motion.


Respectfully submitted,

DEBBIE L. TREZVANT, TIMOTHY CAHILL, DEBORAH CHERYL ARCH, and MARY-CATHERINE PICHE, each of them individually and on behalf of all others similarly situated and similarly situated current and former employees of Defendants, By their attorneys,


_____
Thomas E. Kenney (BBO No. 516590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444

18

Ira Spiro (CA State Bar No. 67641)
Rebecca J Sobie (CA State Bar No. 179562)
Spiro Moss Barness Harrison & Barge LLP
11377 W. Olympic Blvd., 5th Floor
Las Angeles, CA 90063-1683
(310) 235-2468

Charles Joseph (NY State Bar No. CJ-9442)
Diane Hester
Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, NY 10017


Dated:      October 31, 2005