UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBBIE L. TREZVANT, TIMOTHY CAHILL, and DEBORAH CHERYL ARCH, each of them individually and on behalf of all others similarly situated and similarly situated current and former employees of Defendants,<br>　　　　　　　　　　　Plaintiffs,<br>v.<br><br>FIDELITY EMPLOYER SERVICES CORPORATION, FIDELITY EMPLOYER SERVICES COMPANY LLC, and FMR CORP.,<br>　　　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　CIVIL ACTION NO.  05-10673 WGY<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR
MOTION TO DISMISS COUNT II OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants Fidelity Employer Services Corporation, Fidelity Employer Services Company LLC, and FMR Corp. (collectively, "Defendants") filed a limited Motion to Dismiss in this matter on August 26, 2005, seeking to dismiss Count II of the First Amended Complaint (the "Amended Complaint") or in the alternative to strike all paragraphs of the Amended Complaint purporting to assert claims under New Hampshire state law on a Rule 23 basis. Defendants also sought to dismiss all claims brought by or on behalf of Mary-Catherine Piche ("Piche") as time-barred. After receiving a lengthy extension of time in which to respond, Plaintiffs filed a memorandum in opposition to Defendants' Motion to Dismiss (the "Opposition") on October 31, 2005. Defendants now submit this Reply to correct several significant errors and misrepresentations of law in the Opposition.[1]

---

[1] The Court granted Defendants leave to file this Reply in the same September 1, 2005, Order in which it granted an extension of time for Plaintiffs to file an opposition to the Motion to Dismiss.

### I.     FLSA-Mandated Overtime Is Not "Wages" Under New Hampshire Law.

Plaintiffs' only argument that New Hampshire law allows them to recover federally mandated overtime depends on the erroneous claim that the regulations implementing New Hampshire's payment of wages statute incorporate the federal Fair Labor Standards Act ("FLSA") by reference.[2]  Specifically, Plaintiffs claim that the regulations implementing New Hampshire's payment of wages statute define the statutory phrase "all wages due" by reference to federal regulations pertaining to the FLSA.  *See* Opposition ("Opp."), pp. 5-6.  This claim is unequivocally wrong.  The New Hampshire regulations on which Plaintiffs' entire argument relies pertain only to the calculation of "hours worked" for purposes of the New Hampshire statute; they do not define or otherwise pertain to the statutory phrase "all wages due."  That section of the regulations is, in fact, titled "<u>Hours Worked</u>," a phrase that is conspicuously absent from Plaintiffs' selective quotations from those regulations.  N.H. Code Admin. R. Ann. Lab. 803.05 (emphasis in original).   Like the New Hampshire regulations at issue, the federal regulations to which the New Hampshire regulations refer are captioned "Hours Worked" and pertain only to issues related to the calculation of hours worked for purposes of the FLSA.[3]  *See* 29 C.F.R. Pt. 785.  This reference to the federal regulations governing the calculation of hours worked does not import the entire federal overtime pay scheme into New Hampshire law.  To the contrary, this limited reference to the federal regulations contradicts any suggestion that the

---

[2] As noted in Defendants' Memorandum, Plaintiffs do not and cannot assert claims against Defendants under New Hampshire's overtime pay statute because that statute expressly exempts from its coverage "[a]ny employee of employers covered under the provisions of the Fair Labor Standards Act"). N.H. Rev. Stat. Ann. § 279:21 (VIII)(b). Because, as Plaintiffs point out, Defendants are covered by the FLSA, they are not subject to New Hampshire's overtime statute. *See* Amended Complaint, ¶ 14.

[3] In their Opposition, Plaintiffs cite to portions of the federal regulations on hours worked stating that the FLSA requires payment of overtime wages for hours worked in excess of 40 per workweek. Opp., p. 6 (citing 29 C.F.R. §§ 78.5, 785.49)  These two sections, which serve as the introductions for two Subparts of the regulations, are included only to provide context for the regulations defining "hours worked."  They merely contain quotations from the overtime provisions of the statute, and they do not interpret or otherwise expound upon those provisions.

FLSA is imported into New Hampshire law in full or even in substantial part. Plaintiffs have, therefore, failed to support their only argument in support of their claim that "wages" within the meaning of New Hampshire law includes overtime wages allegedly required by a federal statute.

The only authority before the Court regarding the meaning of the phrase "all wages due" in the context of New Hampshire's payment of wages laws clearly indicates that the phrase is limited to sums due pursuant to an agreement between an employer and its employee. As noted in Defendants' Memorandum, the regulations implementing New Hampshire's payment of wages laws define "wages" as sums determined by "written or verbal agreements between the parties." *See* N.H. Code Admin. R. Ann. Lab. 803.02 (g). In their Opposition, Plaintiffs offer no reason that this interpretation by the state's Department of Labor ought not be given effect, other than the argument discussed above in which they rely on irrelevant regulatory provisions regarding "hours worked." Plaintiffs cite no cases supporting their claim that the term "wages" under New Hampshire law includes federally mandated overtime, and they do not effectively distinguish the cases cited in Defendants' Memorandum holding that the term "wages" under New Hampshire law is limited to compensation owed pursuant to an agreement.[4] Given the uniformity of the legal authority on this issue, the Court should reject Plaintiffs' claim that New Hampshire law allows for the recovery of FLSA-mandated overtime and dismiss Count II of the Amended Complaint.[5]

---

[4] Plaintiffs' only response to the cases in Defendants' Memorandum on this issue is to point out that none of those cases involve FLSA claims. *See* Opp. p. 6. As discussed in the Memorandum, Defendants' research reveals no case in which a party has attempted to recover FLSA-mandated overtime through New Hampshire's payment of wages laws. Plaintiffs' research apparently also uncovered no such case, as they cite none in their Opposition. The complete absence of caselaw involving attempts to recover federally mandated overtime under New Hampshire law certainly does not imply that Plaintiffs' theory is valid. If anything, it illustrates that New Hampshire practitioners understand the clear and limited meaning of "wages" in that state's statutory scheme without the need for litigation.

[5] To the extent there is any doubt as to whether New Hampshire law provides a vehicle to collect overtime pay allegedly mandated by a federal statute, Defendants request that the Court certify that issue to the New Hampshire Supreme Court. *See* N.H. Sup. Ct. R. 34 ("This court may answer questions of law certified to it by . . . a United

### II. Plaintiffs' New Hampshire Payment of Wages Claims are Inappropriate for Opt-Out Class Action Treatment.

Plaintiffs argue at length that it is appropriate to bring their state law claims on an opt-out class action basis because Rule 23 applies to all statutory claims that do not expressly prohibit such treatment. This assertion is substantially overstated and fails to rebut Defendants' argument against class action treatment of Plaintiffs' claims in Count II of the Amended Complaint. The Court should, therefore, dismiss Count II or strike so much of the Amended Complaint as seeks to assert the claims in that Count as a class action pursuant to Fed.R.Civ.P. 23.[6]

In their Opposition, Plaintiffs provide no response to Defendants' argument that their New Hampshire claims are a transparent attempt to expand their FLSA claims and represent people who will not consent to join this action in derogation of the Congressional intent underlying the federal collective action scheme. Plaintiffs acknowledge that their FLSA claims cannot appropriately be asserted on an opt-out basis under Rule 23. *See, e.g.,* Plaintiffs' Memorandum in Support of Motion for Conditional Collective Certification and for Court Facilitation of Notice Pursuant to 29 U.S.C. § 216(b) ("Plaintiffs' Certification Memorandum"), p. 1. Moreover, Plaintiffs apparently concede that neither they nor the class members they seek

---

States [D]istrict [C]ourt when requested by the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this court."). There certainly is no precedent from that Court that addresses the theory that Plaintiffs advance in this case.

[6] In their Opposition, Plaintiffs claim that Defendants' motion to strike is improper because "Defendants have failed to identify" the material in the First Amended Complaint that should be stricken. Opp., p. 16. This claim is wrong. In fact, Defendants expressly requested that the Court strike "Count II of the Amended Complaint pursuant to Fed.R.Civ.P. 12(f) to the extent that Plaintiffs purport to assert New Hampshire state law claims on a class action basis." Defendants' Memorandum, pp. 1-2. Plaintiffs also claim that Defendants make this request "without citing any support whatsoever." Opp., 16. In fact, Defendants' Memorandum includes a citation to three cases in support of the proposition that the Court may, pursuant to Fed.R.Civ.P. 12(f), strike paragraphs from a complaint seeking relief that is not recoverable as a matter of law. *See* Defendants' Memorandum, p. 2 n. 2 (citing *Sony Pictures Entm't, Inc. v. Fireworks Entm't Group, Inc.*, 156 F. Supp. 2d 1148, 1154 (C.D. Cal. 2001); *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 668 (C.D. Cal. 2000); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1459 n. 34 (C.D. Cal. 1996)). It is Plaintiffs' claim that Defendants' motion to strike is improper that is wholly unsupported by citations to authority.

4

to represent were entitled to overtime compensation by any New Hampshire statute. Nonetheless, they seek to assert claims for overtime allegedly owed pursuant to the FLSA on an opt-out basis through Count II. This violates not only the language of the New Hampshire statute, as discussed below, but also the directive of Congress that claims for FLSA-mandated overtime shall not be asserted on behalf of any employee "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). The Court should reject Plaintiffs' attempt to subvert the opt-in collective action mechanism established by federal law and dismiss Count II of the Amended Complaint.

Plaintiffs attempt to justify asserting FLSA claims on an opt-out basis through New Hampshire's payment of wages statute by arguing that a Rule 23 class action is an appropriate vehicle for any statutory cause of action that does not expressly prohibit the use of that device. In so arguing, Plaintiffs rely heavily on *Califano v. Yamasaki*, 442 U.S. 682 (1979), for the proposition that "**all** civil actions in federal court are governed by the Federal Rules of Civil Procedure, Rule 23…" (emphasis in original) Opp. p. 7. Plaintiffs overstate the holding of *Yamasaki* and fail to recognize that courts have narrowed the applicability of *Yamasaki's* seemingly broad application of Rule 23. It is clear that not all statutory claims are amenable to Rule 23 treatment. For example, Plaintiffs must concede that FLSA cases are not governed by Rule 23. *See* Plaintiffs' Certification Memorandum, p. 1. Even in the context of claims not governed by 29 U.S.C. § 216(b), courts have limited the holding of *Yamasaki* and recognized that whenever there is a statutory scheme that is inconsistent with opt-out treatment, Rule 23 should not be applied. *See In re: Allegheny Int'l, Inc.*, 94 B.R. 877, 879-880 (Bankr. W.D. Pa. 1988) (rejecting claim for Rule 23 treatment of bankruptcy claim because "[n]otwithstanding the broad language of *Yamasaki* regarding the applicability of class litigation, numerous other

5

federal statutory schemes, which require individuals to file their own claims or otherwise affirmatively 'opt in' to representative litigation, remain intact."); *see also* 5-23 Moore's Federal Practice - Civil § 23.04 (3d ed.) ("Class actions may not be maintained under Rule 23…when Rule 23's procedures are inconsistent with the substantive statute under which the action is brought or when the substantive statute provides an alternative means for obtaining class or group relief."). Rule 23, therefore, does not have the universal applicability that Plaintiffs attribute to it.

Even if Plaintiffs' analysis of the applicability of Rule 23 were correct, their claims under Count II should be dismissed because the New Hampshire statutes on which those claims are based, like the FLSA, prohibit Rule 23 opt-out treatment. The New Hampshire statute expressly requires that plaintiffs may maintain an action "for and in behalf of himself or *themselves*" and may "*designate* an agent or representative to maintain" an action under the statute. N.H. Rev. Stat. Ann. § 275:53(I) (emphasis added). This statutory language reflects the New Hampshire legislature's intent to preclude representative actions that would affect the rights of individuals who did not affirmatively choose to join the litigation. The New Hampshire Supreme Court resolved any ambiguity concerning the legislative intent underlying the statute in *Labor Ready Northeast, Inc. v. New Hampshire Department of Labor*, 147 N.H. 721 (N.H. 2002). Plaintiffs attempt to downplay the significance of this case as not expressly related to Rule 23 class actions. This observation does not undermine the holding of the case which, as Plaintiffs are forced to recognize, is that New Hampshire law prohibits a party from bringing wage and hour claims on behalf of absent individuals "absent express assignment." *See* Opp., p. 10; see also *Labor Ready Ne., Inc.*, 147 N.H. at 723. The New Hampshire payment of wages statutes on which Count II is based prohibit Rule 23 treatment and that count should be dismissed.

Plaintiffs also endeavor to justify their attempt to assert FLSA claims on an opt-out basis by arguing at length that state law overtime claims under Rule 23 are not necessarily incompatible with FLSA claims under 29 U.S.C. § 216(b).  *See* Opposition, pp. 12-16.  This argument misapprehends the basis for Defendants' motion to dismiss and fails to acknowledge the distinction between claims for overtime mandated by state law (as discussed in the cases Plaintiffs cite) and claims for federally mandated overtime pursued under color of state payment of wages statutes (as Plaintiffs seek to assert through Count II).  To illustrate their claim that state law overtime claims are compatible with FLSA claims, Plaintiffs cite cases such as *McLaughlin v. Liberty Mutual Co.*, in which the Court certified the plaintiffs' state law claims as a class action under Rule 23 and their FLSA claims as a collective action.  *See* Opp., p. 12.  In *McLaughlin*, the state law claims certified as a Rule 23 class action were claims under Mass. Gen. Laws ch. 151, a state statute creating an independent right to overtime pay in Massachusetts that does not depend on any entitlements under the FLSA.  224 F.R.D. 304, 308 (D. Mass. 2004).[7]  Plaintiffs cite no case in which a court has allowed employees to assert claims based on FLSA-mandated overtime under Rule 23 through state payment of wages statutes. The authority that Plaintiffs have compiled, therefore, provides no basis for the claims they seek to assert in Count II.

### III.    Plaintiffs' Arguments Regarding Piche's Untimely Claims are Disingenuous.

At oral argument on October 26, 2005, Plaintiffs' counsel conceded that Piche's claims are untimely.[8]  The Court, therefore, dismissed her from this action.  *See* Trans. 15:10-18.  In

---

[7] The Complaint in *McLaughlin* reflects that the plaintiffs in that case asserted state law overtime claims (and not state law payment of wages claims).  *See* USDC for Massachusetts, Civil Action No. 03-10316, docket item 1 (asserting claims under M.G.L. ch. 151).

[8] At that hearing, the Court stated, "For what it's worth, it appears that one of the named plaintiffs here, Ms. Piche, is outside the statute of limitations however we slice it, and I candidly don't see any reason why she can remain as a named plaintiff since she's outside even a three year statute of limitations for willful, willful violation."  *See*

their Opposition, Plaintiffs now seek reconsideration of the Court's decision and argue that the Court's dismissal of Piche's claims was improper. Their argument is based entirely on a claimed ambiguity in the affidavit testimony of Kyle Kane.[9] This argument is baseless because there is no ambiguity in Kane's affidavit.[10] He clearly testified that Piche's employment with FESCo ended on November 1, 2001, more than three years and five months prior to the filing of the Complaint in this matter. Kane Aff. ¶ 37. He went on to state that Piche did not work for any Defendant from April 5, 2002, through the date of his affidavit (*i.e.*, she did not work for any Defendant during the statute of limitations period applicable to Plaintiffs' claims). Kane Aff. ¶ 38. Plaintiffs' only argument in opposition to the motion to dismiss Piche's claims is that these two statements somehow create an ambiguity or question of fact. That argument is disingenuous. Kane's testimony in no way implies that Piche did or might have worked for any Defendant after November 1, 2001, and merely emphasizes the fact that her employment was wholly outside the statute of limitations period. Moreover, Piche herself *does not even claim* to have worked for any Defendant during the statute of limitations period. In the Amended Complaint, she alleges that she last worked for Defendants on "approximately January 15, 2002." Amended Complaint, ¶ 11. In the affidavit she submitted in support of Plaintiffs' motion

---

Transcript of Proceedings held on 10/26/05, docket item 31, ("Trans.") 5:8-13. The Court then asked Plaintiffs' counsel ". . . what's the matter with that?" Trans. 5:17-18. Plaintiffs' counsel's complete response to the Court's question was "Nothing." Trans. 5:19.

[9] Defendants filed the Affidavit of Kyle Kane as an exhibit to their Opposition to Motion for Conditional Certification on October 7, 2005.

[10] Even if the Kane affidavit created an ambiguity or dispute as to whether Piche worked for Defendants during the statute of limitations period, that affidavit cannot properly be considered in deciding Defendants' motion to dismiss. Motions to dismiss are decided based only on the allegations in the complaint, to the exclusion of any other documents or testimony. *See, e.g.*, *Iwata v. Intel Corp.*, 349 F. Supp. 2d 135 (D. Mass. 2004). The Court's adjudication of the motion to dismiss should, therefore, be limited to the Amended Complaint, in which Piche alleges she last worked for Defendants in January 2002, well outside the statute of limitations period. If the Court is inclined to consider evidence outside the pleadings and convert the motion to dismiss into a motion for summary judgment, Defendants request leave to submit evidence that unambiguously proves that Piche did not work for any Defendant during the statute of limitations period.

for conditional certification, she claimed to have worked for Defendants through "approximately January, 2002." Piche Aff., ¶ 1. Any suggestion that Piche may have worked for Defendants during the statute of limitations period is disingenuous, and the Court properly dismissed her claims as untimely.

## CONCLUSION

WHEREFORE, Defendants request that Court dismiss Count II of the Amended Complaint or strike all paragraphs of the Amended Complaint purporting to assert claims under New Hampshire state law on behalf of any person other than Plaintiffs Debbie L. Trezvant, Timothy Cahill, or Deborah Cheryl Arch. Defendants further request that the Court reject Plaintiffs' attempt to revive claims brought on behalf of Plaintiff Mary-Catherine Piche.

Respectfully submitted,

FIDELITY EMPLOYER SERVICES CORPORATION, FIDELITY EMPLOYER SERVICES COMPANY LLC and FMR CORP.,
By their attorneys,

   /s/ Richard L. Alfred
Richard L. Alfred (BBO # 015000)
Brett C. Bartlett (admitted to practice *pro hac vice*)
Krista G. Pratt (BBO # 644741)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:   (617) 946-4801

Dated: November 21, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on Thomas E. Kenney, Pierce & Mandell, P.C., 11 Beacon St., Suite 800, Boston, MA 02108 by first class mail, postage prepaid, on November 21, 2005.

   /s/ Barry J. Miller
Barry J. Miller

9