UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBBIE L. TREZVANT, TIMOTHY CAHILL, DEBORAH CHERYL ARCH, and MARY-CATHERINE PICHE, each of them individually and on behalf of all others similarly situated and similarly situated current and former employees of Defendant<br><br>    Plaintiffs,<br><br> v.<br><br>FIDELITY EMPLOYER SERVICES CORPORATION, FIDELITY EMPLOYER SERVICES COMPANY, LLC, and FMR CORP.,<br><br>    Defendants. | Case No. 05-10673 (WGY) |

**PLAINTIFFS' STATEMENT RE DISAGREEMENTS IN JOINT CASE MANAGEMENT PROPOSAL FILED ON OR ABOUT NOVEMBER 9, 2005**

Plaintiffs wish to explain their points of disagreement shown in the Joint Case Management Proposal filed on or about November 9, 2005. The section and paragraph numbering of this memorandum are the same as the numbering in the Joint Case Management Proposal.

**A.    DISCOVERY**

  **5.    Limitations on Discovery (Joint Proposal, p. 2)**

Defendants' proposal for discovery to opt-ins would exceed the limits on discovery in the Federal Rules of Civil Procedure and this Court's local rules.

Defendants' proposal would also constitute improper and overly burdensome intrusions on the opt-ins.

Defendants' proposal would also defeat the purpose of Congress in enacting the representative action as a procedure under the Fair Labor Standards Act. Defendant's proposal would treat each opt-in member as an individual plaintiff subject to discovery in no way different from a plaintiff in any other case under the Federal Rules of Civil Procedure. This would virtually convert this collective action case into a case of joinder of multiple plaintiffs under the normal joinder rules of the Federal Rules of Civil Procedure. That would render the representative action provisions of the FLSA a nullity for this case. Congress obviously intended a procedure different from ordinary joinder when it enacted the representative action provisions, which provide that an action may be brought "for and in behalf of himself or themselves and other employees similarly situated," because that is not ordinary joinder (29 U.S.C. 216(b), emph. added):

> "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. **An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.**"

**B.**     **AMENDMENT OF PLEADINGS**

Defendants propose that there be no amendments after December 31, 2005. Plaintiffs propose March 15, 2006. Very frequently discovery and further investigation reveal grounds or needs to amend pleadings and join parties. That is one salutary purpose of discovery.

2

For instance, because of the corporate complexities of Fidelity, there already is a good deal of uncertainty as to the identity of the actual entity or entities who were the employers of the class members. Defendants' own declarations on the recent *Hoffman-LaRoche* motion raise uncertainties. It will take some discovery or voluntary sharing of information by defendants, which they have begun to do, in order to include as defendants the correct employers, as that term is used in the FLSA and, for the state law cause of action, under state law.

Because of the limits on discovery thus far under F.R.Civ.P. Rules 26 and 16, Defendants' proposal to forbid amendments after December 31, 2005 allows insufficient time for discovery to reveal the need for amendments of the pleadings. Further, because defendants have moved to dismiss one claim for relief, defendants have not yet answered. When they do, it will be very near their proposed cut-off date for amendments. If defendants' proposed cutoff is adopted, plaintiffs will certainly take great exception to any amendment of defendants' answer, even though they will have little time to determine through discovery and investigation if there are reasons to amend.

C.  **MOTION SCHEDULE**

**THIS DISAGREEMENT MIGHT BE RESOLVED SHORTLY IF THE PARTIES STIPULATE TO MOVING THE DATE FOR FILING THE MOTION FOR CLASS CERTIFICATION AND THE COURT AGREES. COUNSEL FOR THE PARTIES DISCUSSED SUCH A PROPOSED STIPULATION ON FRIDAY, NOVEMBER 18, 2005 AND WILL LIKELY**

**FILE A JOINT MOTION ON THE SUBJECT SHORTLY, POSSIBLY ON MONDAY, NOVEMBER 21, 2005.**

3.  **Motions for Class Certification Pursuant to Fed.R.Civ.P. 23**

Defendants' proposal for plaintiffs' the Fed.R.Civ.P. 23 certification to be filed by February 24, 2006 would create an extremely prejudicial imbalance in opportunity for discovery on crucial certification issues. It also would schedule two motions involving much the same issues at widely different times, resulting in inefficient use time and resources of the Court, the parties and counsel. All this is explained further below.

A motion for decertification of the class that the Court conditionally certified under the FLSA on October 26, 2005, and the motion for class certification under F.R.Civ.P. 23 involve many overlapping issues. The motion for decertification turns largely on whether, after substantial completion of discovery, the class members are found to be similarly situated. The motion for class certification under F.R.Civ.P. 23 turns in large part, often decisively, on whether common questions of law or fact predominate over individual issues. "Predominance of common issues" is not the same as "similarly situated," but it can often significantly overlap with the "similarly situated" test for purposes of an FLSA decertification motion. To be sure, there are other issues in the Rule 23 motion, but predominance of common issues is very, very often the overriding concern in a Rule 23 certification motion .

Both motions are normally and properly made only after the parties have had opportunity to substantially complete discovery. The motion for decertification is to be made after substantial completion of discovery under the FLSA, pursuant to the two-tiered approach discussed in the briefs on the motion heard on October 26, 2005.

("Defendants may later file a motion for decertification after discovery is largely complete. If the claimants then are determined to be similarly situated, the court allows the representative action to proceed to trial." Hipp v. Liberty National Life Ins. Co., 252 F.3d 1208, 1218-1220 (11th Cir. 2001); accord, Kane v. Gage Merchandising Services, Inc., 138 F.Supp.2d 212 (D. Mass. 2001). A motion for class certification under Rule 23 is also to be made after opportunity to substantially complete discovery, as shown by the recent amendment to Rule 23(c)(1)(A), discussed below.

Thus, since both motions are to be made after substantial completion of discovery, and since both motions involve such similar issues, they should be made at the same time, almost akin to cross-motions. That is plaintiffs' proposal. (Joint Proposal, p. 4, first paragraph.)

Defendants' proposal would give plaintiffs only until February 24, 2006 to file the motion for class certification under Rule 23, and thus even less time to conduct discovery to prepare for that motion. The discovery would have to be done almost entirely during the holiday season, when people are inevitably difficult to schedule for depositions. The motion is usually decisive in a Rule 23 class action, and is very, very often preceded by substantial discovery.

By contrast, defendants would have until July 14, 2006 to move for decertification of class the Court has certified under the Fair Labor Standards Act. As stated, a motion for such decertification takes place in the second stage of the action, after discovery is substantially completed.

Defendants' proposal is also contrary to the intent of the recent amendment of F.R.Civ.P. Rule 23(c)(1)(A), which changed the rule to provide that the motion for

certification be made "at an early practicable time," rather than, as the rule formerly read, "as soon as practicable." The official Advisory Committee Comment on the amendment states:

> "Subdivision (c)(1)(A) is changed to require that the determination whether to certify a class be made 'at an early practicable time.' The 'as soon as practicable' exaction neither reflect s prevailing practice nor captures the many valid reasons that may justify deferring the initial certification decision. See Willging, Hooper & Niemic, *Empirical Study of Class Actions in Four Federal District Courts: Final Report to the Advisory Committee on Civil Rules 26-36* (Federal Judicial Center 1996).
>
> "Time may be needed to gather information necessary to make the certification decision. Although an evaluation of the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense it is appropriate to conduct controlled discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis. Active judicial supervision may be required to achieve the most effective balance that expedites an informed certification determination without forcing an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.' . . .."

Respectfully submitted,
DEBBIE L. TREZVANT, TIMOTHY CAHILL, and DEBORAH CHERYL ARCH, each of them individually and on behalf of all others similarly situated and similarly situated current and former employees of Defendants,
By their attorneys,


_____/s/_____
Ira Spiro (CA State Bar No. 67641)
Rebecca J Sobie (CA State Bar No. 179562)
Spiro Moss Barness Harrison & Barge LLP
11377 W. Olympic Blvd., 5th Floor
Las Angeles, CA 90063-1683
(310) 235-2468

Thomas E. Kenney (BBO No. 516590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444

6

                                      Charles Joseph (CJ-9442)
                                      Joseph & Herzfeld LLP
                                      757 Third Avenue, 25th Floor
                                      New York, NY 10017

Dated:       Los Angeles, California
               November 21, 2005