# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBBIE L. TREZVANT, TIMOTHY CAHILL, and DEBORAH CHERYL ARCH, each of them individually and on behalf of all others similarly situated and similarly situated current and former employees of Defendants,<br>Plaintiffs,<br>v.<br><br>FIDELITY EMPLOYER SERVICES CORPORATION, FIDELITY EMPLOYER SERVICES COMPANY LLC, and FMR CORP.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION NO.  05-10673 WGY<br>)<br>)<br>)<br>) |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## THEIR POSITION ON DISPUTED SCHEDULING ISSUES

Defendants submit this memorandum in support of their positions on the disputed issues in the parties' Joint Case Management Proposal ("Joint Proposal") filed on November 9, 2005, and in response to the arguments in Plaintiffs' Statement Re Disagreements in Joint case Management Proposal ("Plaintiffs' Statement").  There were only three points on which the parties could not agree in their Joint Proposal: (1) discovery addressed to opt-in party plaintiffs; (2) the deadline for amending the pleadings and adding parties; and (3) the deadline for filing any class certification motions pursuant to Rule 23.  The first area of disagreement is not ripe for judicial action at this time because it concerns discovery from hypothetical parties that have not joined (and may never join) this action.  The third area of disagreement, which pertained to deadline for filing class certification motions, has been resolved since the Joint Proposal was filed (and since Plaintiffs' Statement was filed).  The only area of disagreement on which judicial action is now warranted – the due date for any motions to amend the Complaint or add parties

pursuant to Fed.R.Civ.P. 20 – should be governed by the quick pace the Court has set for this litigation.

> **I.** **It is Premature for the Court to Address Defendants' Ability to Take Discovery from Opt-in Party Plaintiffs.[1]**

In the Joint Proposal, Plaintiffs took the position that Defendants should not be allowed to take depositions or written discovery from opt-in party plaintiffs.  In response, Defendants stated their position that they should be allowed to take discovery from all individuals who file consents to join this action pursuant to 29 U.S.C. § 216(b) and become party plaintiffs.

It is premature to resolve the issue as to what discovery Defendants may seek from opt-in party plaintiffs because not even one individual has filed a consent to join this action.  The parties have agreed to procedures by which to provide notice to members of the class that the Court conditionally certified on October 26, 2005, and expect to file a joint motion regarding those procedures imminently.  If the Court gives effect to the procedures to which the parties have stipulated, notices of the pendency of this action will likely issue to members of the conditionally certified class in or about the first full week of December 2005, and recipients of the notice will have until mid-January 2006 to file consents to join this action.  The parties will not know the size of the FLSA class or the claims truly at issue in this matter until after the opt-in period has closed.  Defendants, therefore, do not yet know what discovery they will seek or from whom.  For this reason, a Local Rule 16.1 Joint Statement is an inappropriate vehicle for deciding the type of discovery dispute that Plaintiffs seek to present to the Court in Plaintiffs' Statement.  Such issues should be decided pursuant to motions for protective orders or motions to compel under the applicable Rules of Civil Procedure and in response to actual discovery requests.  The position that Defendants stated in the Joint Proposal was intended only to preserve

---

[1] This issue is addressed in Section 5 of the Joint Proposal.

Defendants' rights to take discovery, if they find it necessary to do so after the FLSA class has been determined. Until that time, it would be premature for the Court to rule on the discovery that Defendants may take from opt-in party plaintiffs.

To the extent that the Court at this time decides to rule upon whether Defendants may take discovery from opt-in party plaintiffs, the Court should permit Defendants to take discovery, including depositions, document requests, interrogatories, and requests for admissions from each opt-in party plaintiff. Numerous courts have recognized that, unlike absent class members in a Rule 23 class action, opt-in party plaintiffs in an FLSA collective action share the same discovery obligations as any other party. *See, e.g., Coldiron v. Pizza Hut, Inc.*, 2004 U.S. Dist. LEXIS 23610, *6 (C.D. Cal.) (allowing written discovery from all 306 opt-ins); *Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 450-51 (S.D.N.Y. 1995) (interrogatories to all 162 opt-ins "entirely appropriate"); *Schwed v. Gen. Elec.*, 159 F.R.D. 373, 380 (N.D.N.Y. 1995) (court-approved notice states, "While the suit is proceeding, you may be required to provide information, sit for depositions, and testify in court."); *Rosen v. Reckitt & Colman, Inc.,* 77 Fair. Emp. Prac. Cas. (BNA) 370, 373 (S.D.N.Y. 1994) (authorizing defendant to take depositions and written discovery of all 49 opt-ins); *Kaas v. Pratt & Whitney*, 1991 WL 158943, *5 (S.D. Fla.) (authorizing defendant to propound interrogatories, document requests, and deposition notices on entire class of approximately 100 opt-ins); *Brooks v. Farm Fresh Inc.,* 759 F. Supp. 1185, 1188 (E.D. Va. 1991) (permitting depositions of all 127 opt-ins), remanded on other grounds, 966 F.2d 142 (4th Cir. 1992); *Sperling v. Hoffmann-LaRoche*, 118 F.R.D. 392 (D. N.J. 1988) (court-approved notice states, "While the suit is proceeding you may be required to provide information, sit for depositions, and testify in court.").

BO1 15748777.1

Plaintiffs' Statement ignores the contrary authority noted above and cites no authority for prohibiting defendants in FLSA collective actions from taking discovery from opt-in party plaintiffs. Instead, Plaintiffs propose a novel reading of 29 U.S.C. § 216(b) which has been effectively rejected by each of the above-referenced courts that have allowed defendants to take discovery from opt-in party plaintiffs. Based on no authority whatsoever, Plaintiffs contend that "Congress obviously intended a procedure different from ordinary joinder when it enacted" Section 216(b), and from this hypothesis, leap to the conclusion that opt-in party plaintiffs are somehow immune from discovery obligations. This argument holds no weight and is certainly no basis for depriving Defendants of the discovery that so many courts have recognized to be appropriate in FLSA collective actions. Defendants should, therefore, be allowed to take discovery from each opt-in party plaintiff, if the Court elects to address this issue before the close of the opt-in period.

## II.    Plaintiffs Should Be Required to Make Any Motions to Amend the Pleadings Promptly.[2]

The only point of disagreement in the parties' Joint Proposal that is ripe for adjudication by the Court concerns the date by which Plaintiffs may move to amend the pleadings or add parties.[3] Defendants request that Plaintiffs be required to make any such amendments by December 31, 2005, and Plaintiffs request that they be given an additional seventy-five (75) days, until March 15, 2006, to further amend their Complaint or join additional parties.

The Court has put this matter on an aggressive schedule, with trial to commence in November 2006. Under the parties' Joint Proposal, non-expert discovery will close on June 2,

---

[2] This issue is addressed in Section 5(B)(1) of the Joint Proposal.

[3] The parties have stipulated that the date in question would serve to limit Plaintiffs' ability to join additional parties under Fed.R.Civ.P. 20, and would not affect the ability of opt-in party plaintiffs to join this litigation pursuant to 29 U.S.C. § 216(b). The date by which opt-in party plaintiffs may join this litigation is addressed in the joint motion regarding notice procedures that the parties intend imminently to file.

4

2006, and motions for summary judgment are due by August 31, 2006. It is, therefore, imperative that the claims at issue in this suit and the parties involved be settled as soon as possible, in order to keep this collective action on track for a trial in less than twelve-months' time. Moreover, Plaintiffs have already amended their Complaint in this matter once, and cannot do so again without good cause shown. *See* Fed.R.Civ.P. 15(a). Plaintiffs filed their initial Complaint on April 5, 2005; they have had ample time to develop their claims in this matter, and any further amendments to their Complaint could be extremely prejudicial to Defendants' ability to formulate and prove their defenses. Moreover, because this case has been set on such a rapid pace, allowing Plaintiffs to join parties after discovery has commenced in earnest will be prejudicial both to Defendants and to any parties added to this case. For these reasons, Defendants request that the Court keep this matter on a tightly disciplined schedule and require that Plaintiffs file any motions to further amend their Complaint or add parties on or before December 31, 2005.

### III.   The Parties Have Reached an Agreement Regarding the Date by Which Plaintiffs Shall File Motions for Class Certification Pursuant to Fed.R.Civ.P. 23.[4]

Since the parties filed the Joint Proposal, they have continued to negotiate regarding a number of matters, including the due date for any motions for class certification pursuant to Fed.R.Civ.P. 23. Plaintiffs' Statement, in fact, contemplated that the parties would reach agreement on this issue. *See* Plaintiffs' Statement, pp. 3-4. Defendants believe that since

---

[4] This issue was addressed in Section 5(B)(3) of the Joint Proposal.

5

Plaintiffs' Statement was filed, the parties have reached agreement on this point.[5] The parties'

agreement will be reflected in a joint motion that the parties will file with the Court imminently.

### CONCLUSION

WHEREFORE, Defendants request that Court enter a scheduling order in this matter

requiring Plaintiffs to file any motions to amend the pleadings or add parties on or before

December 31, 2005. Defendants further request that the Court require Plaintiffs to file motions

for class certification in accordance with the joint motion to be filed imminently. Finally,

Defendants request that, if the Court is inclined to decide at this point whether Defendants will

be allowed to take discovery from opt-in party plaintiffs, they be allowed to take depositions

from and propound interrogatories, document requests, and requests for admissions to each opt-

in party plaintiff.

Respectfully submitted,

FIDELITY EMPLOYER SERVICES
CORPORATION, FIDELITY EMPLOYER
SERVICES COMPANY LLC and FMR CORP.,
By their attorneys,

        /s/ Richard L. Alfred
Richard L. Alfred (BBO # 015000)
Brett C. Bartlett (admitted to practice *pro hac vice*)
Krista G. Pratt (BBO # 644741)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

Dated: November 21, 2005

---

[5] Plaintiffs' Statement was filed without mention of the parties' agreement on this point presumably because Plaintiffs' counsel was traveling on Monday, November 21, 2005, and was unable to monitor communications regarding the parties' ongoing negotiations on this and other issues.

BO1 15748777.1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served
on Thomas E. Kenney, Pierce & Mandell, P.C., 11 Beacon St.,
Suite 800, Boston, MA 02108 by first class mail, postage prepaid,
on November 21, 2005.


_____/s/ Barry J. Miller_____
Barry J. Miller

BO1 15748777.1