UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| DEBBIE L. TREZVANT, TIMOTHY CAHILL, and DEBORAH CHERYL ARCH, each of them individually and on behalf of all others similarly situated and similarly situated current and former employees of Defendants,<br>　　　　　　　　　　　　　　Plaintiffs,<br>v.<br><br>FIDELITY EMPLOYER SERVICES CORPORATION, FIDELITY EMPLOYER SERVICES COMPANY LLC, and FMR CORP.,<br>　　　　　　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-10673 WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO FIRST AMENDED COMPLAINT

The Defendants, Fidelity Employer Services Corporation, Fidelity Employer Services Company LLC, and FMR Corp. (collectively "FESCo") answer the First Amended Complaint filed in this matter by Debbie L. Trezvant ("Trezvant"), Timothy Cahill ("Cahill"), and Deborah Cheryl Arch ("Arch"), (collectively "Plaintiffs")[1] as follows:

### INTRODUCTION AND CERTAIN DEFINITIONS

1. To the extent that the statements in this Paragraph constitute conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, FESCo denies the allegations in Paragraph 1.

2. To the extent that the statements in this Paragraph constitute conclusions of law or statements of definition, no response is required. To the extent that a response to this Paragraph is deemed required, FESCo denies the allegations in Paragraph 2. Responding further, FESCo

---

[1] Mari-Catherine Piche ("Piche") was also listed as a named Plaintiff in this matter in the First Amended Complaint. The Court dismissed Piche's claims on October 26, 2005 as barred by the applicable statutes of limitation.

states that the job titles listed in Paragraph 2 bear no relation to one another that justifies treating them in common for purposes of this litigation.

3. To the extent that the statements in this Paragraph constitute conclusions of law or statements of definition, no response is required. To the extent that a response to this Paragraph is deemed required, FESCo denies the allegations in Paragraph 3.

4. To the extent that the statements in this Paragraph constitute conclusions of law or perfunctory statements, no response is required. To the extent that a response to this Paragraph is deemed required, FESCo denies the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. To the extent that the statements in this Paragraph constitute conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, FESCo admits that the Court has jurisdiction over Plaintiffs' claims brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA"), and denies the remaining allegations in Paragraph 5. Responding further, FESCo states that the Court dismissed Plaintiffs' state law claims on February 14, 2006.

6. To the extent that the statements in this Paragraph constitute conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, FESCo admits that venue is proper in this Court. FESCo also admits that it has operations in Marlborough and Boston, Massachusetts, and that it has conducted commercial activities in this District. FESCo denies Plaintiffs' subjective characterizations of FESCo's operations and further denies any remaining allegations in Paragraph 6.

## PARTIES

7.  FESCo denies that Fidelity Employer Services Corporation, Fidelity Employer Services Company LLC, and FMR Corp. are Massachusetts corporations. Responding further, FESCo states that Fidelity Employer Services Company LLC and FMR Corp. are Delaware corporations. FESCo admits that Fidelity Employer Services Company LLC and FMR Corp. conduct business in Massachusetts, New Hampshire, and other states, and that their principal places of business are in Massachusetts. FESCo further states that Fidelity Employer Services Corporation was merged out of existence and into Fidelity Employer Services Company LLC in or about August 2000.

8.  FESCo admits that it employed Trezvant from on or about February 2000 until on or about October 6, 2003. FESCo denies the remaining allegations in Paragraph 8.

9.  FESCo admits that it employed Cahill from on or about July 1999 until on or about October 2002. FESCo states that it is without knowledge or information sufficient to form a belief as to whether Cahill is a citizen and resident of California and, therefore, denies same. FESCo denies the remaining allegations in Paragraph 9.

10. FESCo admits that it employed Arch from on or about 1996 until on or about December 2002. FESCo states that it is without knowledge or information sufficient to form a belief as to whether Arch is a citizen and resident of New Hampshire and, therefore, denies same. FESCo denies the remaining allegations in Paragraph 10.

11. FESCo states that a response to this Paragraph is not required because the Court dismissed Piche's claims in this matter on October 26, 2005. To the extent that a response is deemed required, FESCo admits that it employed Piche from on or about October 2000 until on

or about December 2001. FESCo states that it is without knowledge or information sufficient to form a belief as to whether Piche is a citizen and resident of New Hampshire and, therefore, denies same. FESCo denies the remaining allegations in Paragraph 11.

12. To the extent that the statements in this Paragraph constitute conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, FESCo admits that it employed Plaintiffs and denies the remaining allegations in Paragraph 12.

### FIRST CLAIM FOR RELIEF

**(Against All Defendants for FLSA Overtime and Record Keeping Violations)**

13. FESCo realleges and incorporates its responses to all previous paragraphs herein.

14. To the extent that the statements in this Paragraph constitute conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, FESCo admits that it is an employer as defined by the FLSA and that it is within the scope of the statute's jurisdictional provisions. FESCo denies the remaining allegations in Paragraph 14.

15. FESCo admits that Plaintiffs and some of the individuals they seek to represent, as employees exempt from the overtime requirements of the FLSA, may have worked and may continue to work in excess of forty (40) hours some workweeks. FESCo denies the remaining allegations in Paragraph 15.

16. FESCo denies the allegations in Paragraph 16.

17. FESCo denies the allegations in Paragraph 17.

18. FESCo denies the allegations in Paragraph 18.

19. To the extent that the statements in this Paragraph constitute conclusions of law or prayers for relief, no response is required. To the extent that a response to this Paragraph is deemed required, FESCo denies the allegations in Paragraph 19.

### FLSA COLLECTIVE ACTION ALLEGATIONS

20. To the extent that the statements in this Paragraph constitute conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, FESCo denies that this case is appropriate for treatment as a collective action.

21. To the extent that the statements in this Paragraph constitute conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, FESCo denies the allegations in Paragraph 21.

22. To the extent that the statements in this Paragraph constitute conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, FESCo denies the allegations in Paragraph 22.

23. To the extent that the statements in this Paragraph constitute conclusions of law, no response is required. To the extent that a response to this Paragraph is deemed required, FESCo admits that documents entitled "Consent to Be 'Party Plaintiff' Under Federal Fair Labor Standards Act" have been filed with the Court on behalf of Trezvant, Arch, Cahill, and Piche. FESCo denies the remaining allegations in Paragraph 23.

### SECOND CLAIM FOR RELIEF

**(Against All Defendants for Violation of New Hampshire Wage Laws)**

24. - 37. No response to Paragraphs 24 – 37 is required because the Court dismissed the Second Claim for Relief ("Count II") of the First Amended Complaint by Order dated February

14, 2006. To the extent that a response to Paragraphs 24 – 37 may be required, FESCo states that these paragraphs constitute conclusions of law to which no response is required and denies any allegations that may require a response.

### ADDITIONAL DEFENSES

#### FIRST ADDITIONAL DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

#### SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

#### THIRD ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

#### FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

#### FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

#### SIXTH ADDITIONAL DEFENSE

The claims asserted by Plaintiffs on behalf of themselves and the individuals they seek to represent are barred by the doctrine of waiver.

#### SEVENTH ADDITIONAL DEFENSE

Plaintiffs and the individuals they seek to represent have acquiesced or consented to the matters alleged in the First Amended Complaint.

#### EIGHTH ADDITIONAL DEFENSE

Plaintiffs claims and the claims of individuals they seek to represent are barred to the extent that Plaintiffs or the individuals they seek to represent have entered into compromise, settlement, or release agreements regarding those claims.

## NINTH ADDITIONAL DEFENSE

At all times relevant and material to this matter, Plaintiffs and the individuals they seek to represent were exempt from the overtime compensation requirements of all applicable laws because they were employed in administrative, executive, professional, computer/technical, and/or relevant sales capacities within the meanings of the applicable statutes and regulations.

## TENTH ADDITIONAL DEFENSE

FESCo denies that this action can be maintained as a collective or representative action and further denies that Plaintiffs are similarly situated with each other or the individuals the seek to represent. FESCo specifically maintains that Plaintiffs' pleadings fail to meet even the minimal requirements necessary to justify a collective action or issuance of notice pursuant to 29 U.S.C. § 216(b).

## ELEVENTH ADDITIONAL DEFENSE

Further, and in the alternative if necessary, this action cannot be maintained as a class action because Plaintiffs cannot establish the existence of the applicable requirements of Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

## TWELFTH ADDITIONAL DEFENSE

Further, and in the alternative if necessary, FESCo states that part or all of any time for which Plaintiffs allege they or the individuals they seek to represent should have been paid is properly preliminary or postliminary time under the Portal-to-Portal Pay Act, 29 U.S.C. § 254(a), and therefore not compensable.

## THIRTEENTH ADDITIONAL DEFENSE

Further, and in the alternative if necessary, FESCo states that if it in fact has failed to pay any nonexempt employee for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis*.

**FOURTEENTH ADDITIONAL DEFENSE**

Further, and in the alternative if necessary, FESCo states that even if Plaintiffs or the individuals they seek to represent were not paid for any activities performed while employed by FESCo, such activities do not constitute compensable work under the Fair Labor Standards Act, and furthermore, such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not compensable.

**FIFTEENTH ADDITIONAL DEFENSE**

Further, and in the alternative if necessary, FESCo states that its actions with respect to Plaintiffs and the individuals they seek to represent were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259.

**SIXTEENTH ADDITIONAL DEFENSE**

Further, and in the alternative if necessary, FESCo states that its actions with respect to Plaintiffs and the individuals they seek to represent were taken in good faith with reasonable grounds to believe such conduct comported with the Fair Labor Standards Act or interpretations of the Fair Labor Standards Act pursuant to 29 U.S.C. § 260.

**SEVENTEENTH ADDITIONAL DEFENSE**

Further, and in the alternative if necessary, FESCo states that Plaintiffs and the individuals they seek to represent have received full payment for all work performed, thereby barring their claims.

**EIGHTEENTH ADDITIONAL DEFENSE**

Further, and in the alternative if necessary, FESCo is entitled to a set-off with respect to every Plaintiff and every individual Plaintiffs seek to represent for monies paid in salary for any hours when those individuals were not working, and for the overpayment of bonuses and other

incentive payments for which FESCo's nonexempt employees are not eligible and that those individuals may have received during the time period relevant to this lawsuit because they were classified as exempt from the FLSA's minimum wage and overtime requirements. Plaintiffs and the individuals they seek to represent have been unjustly enriched by such payments, and in equity and good conscience, such overpayments should be returned to FESCo.

### NINETEENTH ADDITIONAL DEFENSE

Further, and in the alternative if necessary, to the extent allowed by law, FESCo is entitled to a set-off with respect to any Plaintiff or any individual whom Plaintiffs seek to represent who owes monies to FESCo for any act or omission giving rise to a claim of malfeasance or misfeasance related to his or her employment with FESCo.

### TWENTIETH ADDITIONAL DEFENSE

Furthermore, to the extent allowed by law, FESCo seeks recovery of its reasonable and necessary attorneys' fees.

### TWENTY-FIRST ADDITIONAL DEFENSE

Plaintiffs and the individuals they purport to represent are not entitled to any penalty, multiplication of damages, or extension of any statute of limitations period because FESCo did not willfully, knowingly, or intentionally fail to comply with the overtime compensation provisions of any applicable law.

### TWENTY-SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are not typical of the claims, if any, of the individuals they seek to represent.

### TWENTY-THIRD ADDITIONAL DEFENSE

Plaintiffs are not adequate representatives of the individuals they seek to represent.

### TWENTY-FOURTH ADDITIONAL DEFENSE

The claims asserted by Plaintiffs on behalf of themselves and the individuals they seek to represent are barred, in whole or in part, by their failure to satisfy jurisdictional prerequisites.

### RESERVATION OF RIGHTS

FESCo reserves the right to raise additional defenses as may be discovered during the course of these proceedings.

WHEREFORE, FESCo prays that the Court dismiss Plaintiffs' First Amended Complaint and provide FESCo with such other remedies as are appropriate under the circumstances.

Respectfully submitted,

FIDELITY EMPLOYER SERVICES
CORPORATION, FIDELITY EMPLOYER
SERVICES COMPANY LLC, and FMR CORP.,
By their attorneys,

      /s/ Richard L. Alfred      
Richard L. Alfred (BBO # 015000)
Brett C. Bartlett (admitted to practice *pro hac vice*)
Krista G. Pratt (BBO # 644741)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:  (617) 946-4801

Dated:  March 1, 2006

---

### CERTIFICATE OF SERVICE
I hereby certify that this document was filed through the Court's ECF system
and that a true copy of the above document was served
on Ira Spiro, Esq., SPIRO MOSS BARNESS HARRISON & BARGE LLP,
11377 W. Olympic Blvd., 5th Floor, Los Angeles, CA 90063, by first class mail
on March 1, 2006.

      /s/ Barry J. Miller      
Barry J. Miller