UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBBIE L. TREZVANT, TIMOTHY CAHILL, and DEBORAH CHERYL ARCH, each of them individually and on behalf of all others similarly situated and similarly situated current and former employees of Defendants,<br>　　　　　　　　　　　　Plaintiffs,<br>v.<br><br>FIDELITY EMPLOYER SERVICES CORPORATION, FIDELITY EMPLOYER SERVICES COMPANY LLC, and FMR CORP.,<br>　　　　　　　　　　　　Defendants. | CIVIL ACTION NO.  05-10673 WGY |

**STIPULATION AND JOINT MOTION
TO DECERTIFY FLSA COLLECTIVE ACTION,
TO JOIN PARTIES PLAINTIFF, AND TO AMEND SCHEDULING ORDER**

　　　　The Parties, including the eleven Opt-in Plaintiffs,[1] (collectively the "Parties") hereby jointly submit the following stipulation and joint motion, which seeks relief that the Parties believe will lead to more efficient and expedient proceedings in this action.  The Parties seek the relief described below because the scope and procedural posture of this action have changed substantially since the inception of the case, and the Parties now seek to attempt to proceed with this action in a manner that is consistent with the small number of individuals who have filed consents to participate in Plaintiff's claims under the Fair Labor Standards Act ("FLSA").

　　　　Among the significant changes in scope and posture of this case, a very small percentage of the conditionally certified FLSA class, eleven people, have filed consents to participate in the

---

[1] The opt-in plaintiffs include the eleven individuals who filed consents to participate in this litigation in accordance with the process designated by the Court in its November 22, 2005, Order: John Sweeney, Jr., Brie Basiliere, Russell Broz, Jane Vincent, Linda Biron, Laurence Sott, Debra McDonald-Musto, Lance Milner, Thomas Walters, Sylvie Pare-Laliberte, and Jennifer Rambin (collectively, "Opt-in Plaintiffs").

FLSA claims (Count I of the Amended Complaint). Also at the February 14, 2006, hearing in this case, the Court dismissed Plaintiff's New Hampshire state law claim, which they had asserted as a class action pursuant to Fed.R.Civ.P. 23 (Count II of the Amended Complaint).[2]

After these developments occurred, counsel for the respective parties have had a number of telephone conferences and exchanged correspondence discussing and negotiating in good faith to determine the best approach to proceeding further with this matter. The Parties have agreed on a number of steps that they believe will enhance the efficiency of this matter and, therefore, request that the Court enter an Order providing the following relief:[3]

1. DECERTIFYING the collective action that the Court conditionally certified at a hearing in this matter on October 26, 2005, and JOINING the Opt-in Plaintiffs as plaintiffs to this action pursuant to Fed.R.Civ.P. 20(a), retaining the date on which each named Plaintiff and each Opt-in Plaintiff filed his or her consent to participate in this litigation as the tolling date for the statute of limitations as to his or her FLSA claim, and stating that this Order and the decertification of the FLSA class shall have no bearing on whether or not a class will be certified under Fed.R.Civ.P. 23 in connection with Count II, if that claim proceeds any further; and

2. Amending the Scheduling Order in this matter to allow the Parties additional time in which to take limited discovery on a number of issues pertinent to the expeditious resolution of this matter, without affecting the currently scheduled trial date.

---

[2] At the hearing, the Court stated that it was willing to entertain a motion from Plaintiffs proposing questions of law regarding the viability of their claims in Count II for the Court to consider certifying to the New Hampshire Supreme Court. Plaintiffs intend to file a motion proposing such questions, and Defendants intend to oppose that motion.

[3] The Parties have negotiated all of the elements of paragraph 1 as part of a compromise intended to resolve several related issues. In so doing, each of the Parties has made concessions in exchange for certain considerations. The Parties, therefore, respectfully move the Court to grant their request in paragraph 1 in its entirety and request that the Court not grant only portions of paragraph 1.

2

As grounds for this motion, the Parties state as follows.

I. **The Court Should Decertify the FLSA Collective Action and Join the Opt-in Plaintiffs as Parties Plaintiff.**

   A. **Decertification of the Conditional FLSA Class and Joinder of the Opt-in Plaintiffs is Procedurally Proper**

Decertification of the FLSA class is consistent with the procedure most courts have followed in handling FLSA collective actions. The courts have applied a two-tiered certification process in implementing the FLSA's collective action mechanism. *See, e.g.*, *Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212 (D. Mass. 2001); *Bayles v. Am. Med. Response of Colorado, Inc.*, 950 F. Supp. 1053 (D. Colo. 1996); *Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D. N.J. 1988). In that two-tiered process, a court makes an initial assessment as to whether the members of the putative class are "similarly situated" within the meaning of the statute at a relatively early point in the development of the case. Courts typically revisit certifications of collective actions at a later stage of the proceedings. At that second stage, courts have the discretion to decertify the conditional class, if maintenance of the case as a collective action does not appear to be appropriate. *See, e.g.*, *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995); *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D. N.J. 2000); *Bayles*, 950 F. Supp. 1053 (D. Colo. 1996); *Lusardi,* 118 F.R.D. at 352 (D. N.J. 1987). In conditionally certifying Plaintiffs' FLSA claims in this matter as a collective action, the Court recognized this two-tiered process as the better approach. *See* Transcript of October 26 hearing at 4:15-17. Decertification of Plaintiffs' FLSA claims as a collective action is, therefore, procedurally proper.

Joinder of the Opt-in Plaintiffs as parties is also procedurally proper. The Opt-in Plaintiffs have each met the jurisdictional prerequisites to filing suit under the FLSA by filing, through counsel, consents to participate in the litigation. The Parties have stipulated that even if the class is decertified, the statute of limitations as to each named Plaintiff's and each Opt-in Plaintiff's FLSA claim shall continue to be measured from the date on which he or she filed her consent to participate in the litigation. The Parties further state that the claims asserted by Plaintiffs and each of the Opt-in Plaintiffs arise out of the same series of transactions and occurrences and present common questions of law and fact. Joinder is, therefore, appropriate under Rule 20(a).

### B.   Decertification and Joinder Would Benefit All Parties and Serve the Interests of Judicial Economy

Very few members of the conditionally certified FLSA class filed consents to participate in the FLSA claims. On or about December 7, 2005, counsel for Plaintiffs sent to the approximately 250 members of the conditionally certified class a notice of the pendency of this matter and their right to participate in the litigation. In response to the Plaintiffs' notice, after a forty-five day opt-in period, only eleven (11) individuals submitted written consents to participate in the litigation.[4] The small number of opt-ins minimizes many of the benefits and efficiencies that the Parties might expect to receive in a case with a more substantial number of opt-in plaintiffs and undermines the purposes for addressing Plaintiffs' FLSA claims on a representative basis.

---

[4] One of those individuals, Jennifer Rambin, submitted her consent to join this action after the opt-in period had expired. The Parties stipulate that, in order to facilitate an approach likely to result in the full resolution of all claims, Ms. Rambin shall be allowed to join this action as a party plaintiff with the statute of limitations on her FLSA claim to be measured by the date on which she filed her consent to participate in this case, if the FLSA class is decertified.

4

The members of the conditionally certified FLSA class who have not filed consents to participate in this litigation will not be prejudiced by the relief sought in this motion. Members of the conditionally certified FLSA class who did not file consents to participate in this litigation will not be bound by any judgment entered on Plaintiffs' FLSA claims in this case. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001) (citing *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288-89 (5th Cir. 1975)). The time period that the Court designated for members of the putative FLSA class to file consents to participate in this litigation passed on or about January 17, 2005, and any members of the conditionally certified FLSA class who have not yet filed such consents are now foreclosed from participating.[5] Those individuals' rights will, therefore, not be affected by the proposed decertification of the FLSA collective action and joinder of the Opt-in Plaintiffs as parties plaintiff.

The named Plaintiffs and the Opt-in Plaintiffs also will not be prejudiced by the decertification and joinder sought by this stipulation and motion. The Parties have stipulated that, if the Court allows their joint motion, the statute of limitations as to each Opt-in Plaintiff's claims should continue to be measured from the date on which his or her consent to join was filed with the Court.[6] Their claims will, therefore, not be diminished by the operation of the statute of limitations. The Parties have further stipulated that, if the Court orders decertification

---

[5] By motion dated November 22, 2005, the parties jointly moved for an Order establishing procedures by which members of the conditionally certified class could consent to participate in this litigation. *See* docket entry 41. The Court allowed that joint motion in its entirety, including a provision establishing a forty-five (45) day period in which members of the conditionally certified class could file consents to participate in the case. *See* docket entry 43. That opt-in period ended on or about January 17, 2005.

[6] The statute of limitations as to any opt-in plaintiff in an FLSA collective action is measured from the date on which his or her consent to participate in the litigation is filed with the Court. *See* 29 U.S.C. §256(a); *El v. Potter*, 2004 U.S. Dist. LEXIS 24447, *24 (S.D.N.Y. 2004); *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528-529 (S.D.N.Y. 1980).

pursuant to this stipulation, the decertification of this matter as an FLSA collective action shall have no bearing on whether or not a class will or should be certified under Fed.R.Civ.P. 23 in connection with Count II, if Count II proceeds any further.  Finally, the Parties have stipulated that, should Plaintiffs ultimately prevail on their FLSA claims at trial and seek an award of attorneys' fees, Defendants shall not argue that Plaintiffs' agreement to join in this stipulation and motion is a basis to exclude from any such award of fees that Plaintiffs' counsel incurred in seeking conditional certification of this matter as an FLSA collective action.[7]  In light of these stipulations, neither the named Plaintiffs nor the Opt-in Plaintiffs will be prejudiced by decertification of the conditional FLSA class and joinder of the Opt-in Plaintiffs as parties plaintiff.

     The decertification and joinder proposed in this stipulation and joint motion will result in benefits to all parties and decrease the burden on the Court posed by this matter.  The Parties anticipate that decertification and joinder of the Opt-in Plaintiffs as plaintiffs will allow for quick and efficient discovery that will enhance the Parties' ability to resolve any disputes presented by the Opt-in Plaintiffs' FLSA claims efficiently and with a minimum level of judicial involvement.  Alternatively, if this matter were to remain certified as an FLSA collective action, the Parties anticipate that such a procedural posture would necessitate a substantial amount of discovery and motion practice that is unnecessary to resolve the FLSA claims now at issue in this case.

---

[7] This stipulation does not preclude Defendants from challenging any attorneys' fees that Plaintiffs may seek, including fees incurred in moving for conditional certification of their FLSA claims as a collective action, on any ground other than that plaintiffs entered into this stipulation and motion.

## II.   Amending the Scheduling Order Will Allow for Limited Discovery to Enable the Parties to Substantially Narrow any Disputes.

The Parties state that they believe any factual disputes presented by the FLSA claims the Plaintiffs and Opt-in Plaintiffs have asserted can be substantially narrowed by limited written and document discovery and depositions of each individual and limited depositions to be taken by plaintiffs. In order to undertake this discovery, the Parties require a modest extension of time in which to conduct such discovery. Because of the procedural developments outlined above, the requested extension will not disrupt the pace of this litigation and the Parties, therefore, <u>do not request an extension of the current trial date.</u>

The current discovery deadline in this matter is June 2, 2006, dispositive motions are currently due to be filed on or before August 31, 2006, and this matter is scheduled to be added to the Court's trial calendar for November 2006. Because the Court has dismissed plaintiffs' state law class action claims and the Parties have jointly assented to decertification of this matter as an FLSA collective action, the current schedule in this case includes time reserved for motion practice that currently is not necessary.[8] The Parties, therefore, request that the Court extend the discovery deadline in this matter through July 21, 2006, shortly after the date the Court initially reserved for motions to decertify any collective or class actions. The Parties further request that the Court extend the due date for dispositive motions through September 29, 2006, in rough parity with the requested extension of the discovery deadline. As noted above, this stipulation and motion does not request an extension of the trial date in this matter.

Counsel for the Parties state that, upon the Court's entering an Order allowing the relief sought by this stipulation and joint motion, they will promptly confer to negotiate procedures for

---

[8] Plaintiffs intend to move for a stay or administrative suspension of this entire case. Defendants will oppose any such stay or suspension. Plaintiffs do not waive such a stay or suspension by joining in this stipulation and motion.

expedited discovery as outlined above, and the Parties will thereafter take all reasonable steps to resolve this matter efficiently and promptly.[9]

WHEREFORE, the Parties jointly request that this Court enter an Order:

1.      DECERTIFYING the collective action that the Court conditionally certified at a hearing in this matter on October 26, 2005, pursuant to 29 U.S.C. § 216(b) and JOINING the Opt-in Plaintiffs as plaintiffs to this action pursuant to Fed.R.Civ.P. 20(a), retaining the date on which each named Plaintiff and each Opt-in Plaintiff filed his or her consent to participate in this litigation as the tolling date for the statute of limitations as to his or her FLSA claim, and stating that this Order and the decertification of the FLSA class shall have no bearing on whether a class will be certified under Fed.R.Civ.P. 23 in connection with Count II, if Count II proceeds any further (in view of possible certification of questions by this Court to the New Hampshire Supreme Court); and

2.      AMENDING the Scheduling Order in this matter to extend the discovery deadline through July 21, 2006, and extend the deadline for the filing of dispositive motions through September 29, 2006.

---

[9] With respect to Plaintiffs, this is subject to footnote eight above.

A proposed Order is attached as Exhibit A.

Respectfully submitted,

| | |
|---|---|
| DEBBIE L. TREZVANT, TIMOTHY CAHILL, DEBORAH CHERYL ARCH, JOHN SWEENEY, JR., BRIE BASILIERE, RUSSELL BROZ, JANE VINCENT, LINDA BIRON, LAURENCE SOTT, DEBRA MCDONALD-MUSTO, LANCE MILNER, THOMAS WALTERS, SYLVIE PARE-LALIBERTE, and JENNIFER RAMBIN, By their attorneys, | FIDELITY EMPLOYER SERVICES CORPORATION, FIDELITY EMPLOYER SERVICES COMPANY LLC and FMR CORP., By their attorneys, |
|   /s/ Ira Spiro<br>Ira Spiro (CA State Bar No. 67641)<br>   Admitted *pro hac vice*<br>SPIRO MOSS BARNESS HARRISON & BARGE LLP<br>11377 W. Olympic Blvd., 5th Floor<br>Los Angeles, CA 90064-1683<br>(310) 235-2468 |   /s/ Richard L. Alfred<br>Richard L. Alfred (BBO # 015000)<br>Brett C. Bartlett (Ga. Bar No. 040510)<br>   Admitted *pro hac vice*<br>Krista G. Pratt (BBO # 644741)<br>Barry J. Miller (BBO # 661596)<br>SEYFARTH SHAW LLP<br>World Trade Center East<br>Two Seaport Lane, Suite 300<br>Boston, MA 02210-2028<br>Telephone:   (617) 946-4800<br>Telecopier:   (617) 946-4801 |
| Thomas E. Kenney (BBO # 516590)<br>PIERCE & MANDELL, P.C.<br>11 Beacon Street, Suite 800<br>Boston, MA 02108<br>(617) 720-2444 | |
| Charles Joseph (NY State Bar No. CJ 9442)<br>   Admitted *pro hac vice*<br>JOSEPH & HERZFELD LLP<br>757 Third Avenue, 25th Floor<br>New York, NY 10017 | Dated: April 21, 2005 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBBIE L. TREZVANT, TIMOTHY CAHILL, and DEBORAH CHERYL ARCH, each of them individually and on behalf of all others similarly situated and similarly situated current and former employees of Defendants, <br> Plaintiffs, <br> v. <br><br> FIDELITY EMPLOYER SERVICES CORPORATION, FIDELITY EMPLOYER SERVICES COMPANY LLC, and FMR CORP., <br> Defendants. | CIVIL ACTION NO.  05-10673 WGY |

## PROPOSED ORDER ON THE PARTIES' STIPULATION AND JOINT MOTION

  1. For the reasons stated in the Parties' stipulation and joint motion, the class conditionally certified by the Court in this matter pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act on October 26, 2005, is hereby DECERTIFIED.  This Order and the decertification of the FLSA class shall have no bearing on whether a class will be certified under Fed.R.Civ.P. 23 in connection with Count II, if Count II proceeds any further.

  2. Also for the reasons stated in the Parties' stipulation and joint motion, John Sweeney, Jr., Brie Basiliere, Russell Broz, Jane Vincent, Linda Biron, Laurence Sott, Debra McDonald-Musto, Lance Milner, Thomas Walters, Sylvie Pare-Laliberte, and Jennifer Rambin are hereby JOINED as plaintiffs in this matter pursuant to Fed.R.Civ.P. 20(a).  The statute of limitations on each above-listed individual's claims under the FLSA and those of the named plaintiffs, shall be measured from the date on which his or her consent to participate in this litigation was filed with the Court.

  3. Also for the reasons stated in the Parties' stipulation and joint motion, the Scheduling Order in this matter is AMENDED as follows.  Non-expert discovery in this matter shall be completed by July 21, 2006.  Dispositive motions shall be filed by September 29, 2006.

SO ORDERED.

_____
WILLIAM G. YOUNG
United States District Judge
Dated: _____