# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DEBBIE L. TREZVANT, TIMOTHY CAHILL,
DEBORAH CHERYL ARCH,
JOHN SWEENEY, JR., BRIE BASILIERE,
RUSSELL BROZ, JANE VINCENT,
LINDA BIRON, LAURENCE SOTT,
DEBRA MCDONALD-MUSTO,
LANCE MILNER, THOMAS WALTERS,
SYLVIE PARE-LALIBERTE, and
JENNIFER RAMBIN,

                        Plaintiffs,                    CIV. NO. 05-10673 WGY

v.

FIDELITY EMPLOYER SERVICES
CORPORATION, FIDELITY EMPLOYER
SERVICES COMPANY LLC, and FMR CORP.,

                        Defendants.

---

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY QUESTIONS TO THE NEW HAMPSHIRE SUPREME COURT AND TO STAY PROCEEDINGS

On May 10, 2006, almost three months after the Court heard arguments on and granted Defendants' Motion to Dismiss Plaintiffs' state law claim, Plaintiffs filed a motion requesting that the Court certify two questions of law to the New Hampshire Supreme Court and stay this case in its entirety pending the New Hampshire court's response (the "Motion"). Plaintiffs' Motion should be denied in its entirety. This Court has already dismissed the claim underlying Plaintiffs' proposed questions and determined that the claim has no basis in law. The certification Plaintiffs seek would, therefore, serve no purpose other than to create distraction and delay. Moreover, Plaintiffs' proposed questions are improperly phrased and fail to capture the legal issues presented by this Court's dismissal of their state law claim. Finally, the Court

should deny Plaintiffs' request to stay this action because the Court expressly ruled at the

February 14, 2006, hearing in this matter that it would not stay these proceedings, and Plaintiffs

offer no compelling reason for the Court to reconsider that ruling.  Moreover, the stay Plaintiffs

seek would prejudice Defendants by delaying the disposition of the remaining claims in this

case.

<u>**BACKGROUND**</u>

Plaintiffs filed their Complaint in this matter on April 5, 2005, asserting only a claim

under the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), which they

sought to pursue as an "opt-in" collective action.  They subsequently amended that Complaint to

add a wage claim under New Hampshire state law, which they sought to assert as an opt-out

class action under Rule 23.  Plaintiffs could not assert a claim under the New Hampshire

overtime statute, N.H. Rev. Stat. Ann. § 279:21(VIII), because it does not apply to them.

Instead, Plaintiffs claimed that Defendants' putative failure to pay them FLSA-mandated

overtime was a violation of a different New Hampshire statute, N.H. Rev. Stat. Ann. § 275:43,

which requires prompt payment of all wages due.

On August 26, 2005, Defendants moved to dismiss Plaintiffs' state law claim on the

grounds that "wages" for purposes of the pertinent New Hampshire statute includes only sums

owed pursuant to an agreement between an employer and its employee, to the exclusion of

overtime alleged to be due only by operation of federal law.  Defendants also moved to strike

allegations in the Amended Compliant in which Plaintiffs purported to assert their New

Hampshire claim as an opt-out class action, arguing that the New Hampshire statute authorizing

civil suit to enforce the payment of wages law, N.H. Rev. Stat. Ann. § 275:53, precludes the

assertion of claims on behalf of absent parties who have not consented to participate in the

litigation.  On February 14, 2006, after a full briefing and oral argument, the Court dismissed

Plaintiffs' claim under New Hampshire state law for failure to state a claim on which relief can be granted.  At the same hearing, the Court stated that, while it would allow Plaintiffs' to propose questions for the Court to consider certifying to the New Hampshire Supreme Court, it would not stay the proceedings in this case for any reason related to such a request.  *See* Transcript of February 14, 2006, hearing ("Trans.") at 6:3-4 ("I'm not staying this action.  We're going ahead on this action."); *see also* p. 8:8-12 (". . . and I will consider certifying the key questions to the Supreme Court of New Hampshire.  Now, if I do that, it's not going to delay this case at all. This case is going to judgment. That's the order of the Court. Count II's dismissed.").[1]

Months later, Plaintiffs now ask the Court to certify to the New Hampshire Supreme Court two questions of law in an attempt to revive the claim that the Court dismissed in February.  In addition, despite the Court's clear statements that this case will go forward on schedule, Plaintiffs also ask the Court to stay the proceedings on their remaining FLSA claims, so that they may reinsert their state law claim into this case, in the event that the New Hampshire court finds in their favor on their proposed questions.

<u>ARGUMENT</u>

I.      **In Effect, Plaintiffs' Motion Improperly Seeks Reconsideration of This Court's Dismissal of Their State Law Claim.**

In their motion, Plaintiffs rehash at length the same arguments they made in their unsuccessful opposition to Defendants' Motion to Dismiss.[2]  However, Plaintiffs assert no proper

---

[1] For the convenience of the Court, a copy of the transcript of the February 14, 2006, hearing is attached as Exhibit A.

[2] Plaintiffs' Motion also includes extended analysis of their previously unsuccessful arguments.  In considering Plaintiffs' Motion, the Court should disregard any arguments not included in Plaintiffs' opposition to the motion to dismiss.  *See, e.g., Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003) ("It is generally accepted that a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's ruling . . . . Litigants normally must frame the issues in a case before the trial court rules.  After that point, a litigant should not be allowed to switch from theory to theory like a bee in search of honey."); *U.S. v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003) ("a party who fails to present his

basis for reconsideration in their Motion.  Rule 60(b) governs motions for reconsideration and provides for motions based on grounds including mistake, newly discovered evidence, and fraud. Plaintiffs point to no such basis for their motion, and merely argue that, for the reasons included in their opposition, the Court misinterpreted the law in dismissing their New Hampshire claim. Moreover, Rule 60(b) requires that motions for reconsideration be made "within a reasonable time."  Without justification or excuse, Plaintiffs waited for nearly three months following the Court's dismissal of their New Hampshire state law claim, until the discovery period in this case had largely elapsed, to move for certification of questions to the New Hampshire Supreme Court.[3]  That the Motion fails to meet the requirements of Rule 60(b) constitutes independent grounds for the Court to deny the Motion.  *See, e.g.*, *United States ex rel. Houck v. Folding Carton Admin. Comm.,* 121 F.R.D. 69, 71 (N.D. Ill. 1988) (denying motion because "improper use of the motion to reconsider can waste judicial resources and obstruct the efficient administration of justice") (citation and internal quotation omitted); *Potter v. Potter*, 199 F.R.D. 550, 552 (D.Md. 2001) (while there are "circumstances when a motion to reconsider may perform a valuable function, [it is] improper to use such a motion to ask the Court to rethink what the Court had already thought through--rightly or wrongly.") (citation and internal quotation omitted).  The Court should, therefore, deny Plaintiffs' Motion in its entirety.

## II.    The Court Should Decline to Certify Questions to the New Hampshire Supreme Court.

Because this Court has already determined that the claim underlying Plaintiffs' proposed questions has no basis in law, the certification Plaintiffs seek would serve no purpose other than

---

strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider") (collecting authorities).

[3] Pursuant to the Court's initial Scheduling Order in this matter, discovery was to expire on June 2, 2006.  On May 3, 2006, in granting the stipulation and motion that the parties filed in conjunction with their agreement to decertify Plaintiffs' FLSA collective action claim, the Court extended the discovery period through July 21, 2006.

to create distraction and delay.  The Court was presented with a full briefing on the questions at issue, and the Court determined that New Hampshire law does not provide for recovery of federally-mandated overtime.  Courts have repeatedly recognized that, in a case such as this where the outcome before the state's highest court is reasonably clear and where the moving party chose to litigate in federal court, certification to a state's highest court is inappropriate.

Certification of questions in this case would serve no purpose because it is clear that Plaintiffs' dismissed claim has no basis in New Hampshire law.  When there is no controlling state law precedent, a federal court may choose to certify questions to a state court of last resort. *See, e.g., Nieves v. Univ. of P.R.*, 7 F.3d 270, 274 (1st Cir. 1993).  However, certification is inappropriate when the course the state's highest court would take is reasonably clear.  *See Bi-Rite Enter., Inc. v. Bruce Miner Co., Inc.*, 757 F.2d 440, 443 n.3 (1st Cir. 1985) (It is "inappropriate for a federal court to use such a procedure when the course state courts would take is reasonably clear.") (citation omitted); *Collazo-Santiago v. Toyota Motor Corp.*, 149 F.3d 23, 25 (1st Cir. 1997) (affirming district court determination "that the likely direction of the [state Supreme Court] is reasonably evident"); *Schrepfer v. Framatome Connectors USA, Inc.*, 115 F. Supp. 2d 182, 187 (D.N.H. 1999) (when "state law is sufficiently clear to guide the federal court's prediction of its course, certification is an inappropriate burden on the state's highest court.") (citation omitted).

While the New Hampshire courts may not have reached the precise legal issues posed by Plaintiffs' novel theory, that hardly means that the resolution of those questions is indeterminate or uncertain.  *See, e.g., Amherst Sportswear Co. v. McManus*, 876 F.2d 1045, 1048 (1st Cir. 1989) ("In the absence of controlling state law, a federal court should choose the rule that it believes the state's highest court is likely to adopt in the future."); *Kathios v. Gen. Motors Corp.*,

862 F.2d 944, 949 (1st Cir. 1988) (in the absence of New Hampshire precedent on point "it becomes our duty to vaticinate how the state's highest tribunal would resolve matters") (internal citations omitted).  In support of their Motion to Dismiss, Defendants provided ample authority for their position that New Hampshire law does not include overtime pay mandated only by federal law.[4]  By contrast, when pressed for any authority that would support their theory, Plaintiffs' counsel supplied none, relying only on his own understanding of the term "all wages due" as used in the common parlance.  *See* Trans. at 3:19 – 4:9.  As the Court recognized in granting Defendants' Motion to Dismiss, there is no basis in New Hampshire law for the claim Plaintiffs sought to assert under the state's payment of wages statute.

Certification of questions in this case is also unwarranted because Plaintiffs chose the federal forum, notwithstanding their claimed uncertainty about the basis for their claim under New Hampshire law.  The First Circuit has repeatedly warned that a party who litigates in federal court and then raises an issue of state law cannot expect the federal court to certify questions to a state court merely on the grounds that he or she is dissatisfied with the federal court's ruling.  *See Croteau v. Olin Corp.*, 884 F.2d 45, 46 (1st Cir. 1989) ("one who chooses to litigate his state action in the federal forum . . . must ordinarily accept the federal court's reasonable interpretation of extant state law rather than seeking extensions via the certification process"); *see also Carrier v. Am. Bankers Life Assur. Co.*, 2006 DNH 48 (D.N.H.) (party who seeks to litigate New Hampshire state law claim in federal court must "accept the federal court's reasonable interpretation of state law," rather than seeking to certify questions to the New Hampshire Supreme Court); *Santiago v. Sherwin Williams Co.*, 3 F.3d 546, 548 (1st Cir. 1993) (declining to certify questions where party seeking certification had removed case to federal

---

[4] Those authorities are recounted in part at note 5, below.

court).  Here, Plaintiffs chose to litigate their claims, including their state law claim, in federal

court.  The Court should not allow Plaintiffs to place an inappropriate burden on the New

Hampshire Supreme Court, this Court, and Defendants by seeking to extend these proceedings

merely because they are dissatisfied with this Court's dismissal of their state law claim.

###    III.    Plaintiffs' Proposed Questions Are Improperly Phrased.

Even if the Court were inclined to exercise its discretion in certifying questions to the

New Hampshire Supreme Court, Plaintiffs' proposed questions are improperly phrased and fail

to address the legal issues presented by this Court's dismissal of their state law claim.  Therefore,

if the Court were to decide to certify questions to the New Hampshire Supreme Court, it should

reject Plaintiffs' proposed questions and, instead, adopt the following questions, which more

precisely and accurately addresses the legal issues presented by Plaintiffs' state law claim:

> (i)    Whether the term "wages," as defined in N.H. Rev. Stat. Ann. § 275:42(III),
> includes overtime compensation that an employer is required to pay pursuant to
> the Fair Labor Standards Act, 29 U.S.C. § 207, where the employer has made
> no voluntary agreement to pay overtime compensation and the employee has
> no right to overtime pay under New Hampshire's overtime statute, N.H. Rev.
> Stat. Ann. § 279:21(VIII); and

> (ii)    Whether the New Hampshire statute authorizing civil actions to recover unpaid
> wages and liquidated damages, N.H. Rev. Stat. Ann. § 275:53(I), allows a
> plaintiff to assert claims on behalf of employees of the defendant who have not
> brought claims on their own behalf, have not designated the plaintiff as their
> agent or representative to maintain such action, and have not otherwise
> consented to participate in the litigation.

###    A.    Plaintiffs' Proposed Question Regarding the Scope of New
###    Hampshire's Payment of Wages Statute is Imprecise.

Defendants' articulation of the question regarding the scope of the New Hampshire

payment of wages statute more precisely addresses the legal issues presented in this case.  The

basis for Defendants' Motion to Dismiss was that federally mandated overtime is not included in

the statutory definition of "wages" under the pertinent New Hampshire statute.[5]  In granting that

motion, the Court endorsed Defendants' interpretation of the New Hampshire payment of wages

statute.  Therefore, that question is dispositive of Plaintiffs' state law claim, and it is the only

question regarding the scope of pertinent payment of wages statute that is appropriate for

certification to the New Hampshire Supreme Court.

Plaintiffs' oversimplified proposed question attempts to mask the absence of any legal

basis for the theory underlying their state law claim by omitting details, including the fact that

the putative "wages" at issue are alleged to be due *only* by operation of federal law and are not

contemplated in any agreement between the parties or by any New Hampshire statute.

Defendants' suggested phrasing of this question excludes any situations in which a plaintiff

might sue for sums arguably owed pursuant to both federal and New Hampshire law, which

might present other legal issues not presented in this case.[6]

Plaintiffs' proposed question also ignores the plain language of the statutes at issue and

does violence to the relationships between the statutory sections that comprise New Hampshire's

---

[5] This interpretation is amply supported by law, as discussed in Defendants' Motion to Dismiss.  *See, e.g.*, N.H. Rev. Stat. Ann. § 275:42(III) (defining "wages" as compensation due to employees pursuant to agreement between employer and employee); *Ives v. Manchester Subaru, Inc.*, 126 N.H. 796, 800 (1985) (construing "wages" under New Hampshire law to be sums owed pursuant to agreement between employer and employee); *Gilman v. County of Cheshire*, 126 N.H. 445, 450-51 (1985) (construing "wages" under § 275:43 to be compensation owed pursuant to agreement between employer and employee); N.H. Code Admin. R. Ann. 803.02(g) (stating New Hampshire Department of Labor's interpretation that amount of wages owed for purposes of New Hampshire's payment of wages law is to be determined "in accordance with written or verbal agreements between the parties . . .").

[6] In their Motion, Plaintiffs argue at length that Defendants' theory would preclude suit to collect overtime pay required by New Hampshire law.  Motion, p. 6-10.  This argument blatantly ignores the structure of New Hampshire's wage and hour laws.  New Hampshire's overtime pay regime is governed by an entirely separate Chapter of the New Hampshire Revised Statutes than the payment of wages claims Plaintiffs sought to assert. *Compare* N.H. Rev. Stat. Ann. § 279:21(VIII) (governing the payment of overtime) *with* N.H. Rev. Stat. Ann. § 275:43 (governing the payment of wages).  Chapter 279 includes a statutory section authorizing civil suits to collect unpaid overtime that is entirely separate from the payment of wages statutes on which Plaintiffs' claims were based. *Compare* N.H. Rev. Stat. Ann. § 279:29 (authorizing civil suits for claims under Chapter 279, which governs minimum wage) *with* N.H. Rev. Stat. Ann. § 275:53 (authorizing civil suits for claims brought under Chapter 275, which governs the payment of wages).  Like the other arguments Plaintiffs have asserted in attempting to revive their state law claims, this argument is facially flawed.

payment of wages laws.  In their brief, Plaintiffs' contend that Defendants' proposed phrasing of this question "focuses too narrowly on the definition of 'wages' under section 275:42(III) . . . and fails to reach the real issue . . . which is whether a claim may be made pursuant to Section 275:43 for federally mandated overtime pay."  Motion, p.2, n.1.  This argument is nonsensical because the definition of "wages" in N.H. Rev. Stat. Ann. § 275:42(III) (which is captioned "Definitions") determines the scope of an employer's obligation to pay "all *wages* due" pursuant to § 275:43.  The statute clearly states that the definitions in § 275:42 apply to the terms defined "[w]henever used in this subdivision."[7]  The Court should not allow Plaintiffs to avoid the constraints that the New Hampshire legislature has imposed on payment of wages claims under state law by excluding those constraints from any questions posed to the New Hampshire Supreme Court.

   **B.    Plaintiffs' Proposed Question Regarding the Availability of Opt-Out Class Action Claims Under New Hampshire's Payment of Wages Law is Unduly Narrow.**

   Plaintiffs' proposed second question is unduly narrow and misleading.  First, Plaintiffs' proposed question is centered on the term "opt-out," which is class action jargon that may obscure the underlying issue.  Second, Plaintiffs' proposed question is inappropriately focused on the New Hampshire legislature's intent.  Legislative intent is only one among many means of statutory interpretation that may be relevant to whether, as Defendants contended in their Motion to Dismiss, the New Hampshire statute authorizing civil actions to recover sums owed pursuant to the state's payment of wages statute prohibits representative actions on behalf of absent class members who have not consented to participate.  Defendants have argued that the statute prohibits opt-out treatment on its face, and if that interpretation is correct, the New Hampshire

---

[7] The "Payment of Wages" statutory subdivision governed by N.H. Rev. Stat. Ann. § 275:42 includes §§ 275:42 – 275:55.

Supreme Court would not need to reach the underlying legislative intent. In any event, Defendants' proposed question would allow the New Hampshire Supreme Court to apply any means of statutory interpretation it sees fit.

Moreover, Plaintiffs' second proposed question again attempts to mask the lack of a legal basis for their claim. As Defendants argued in their Motion to Dismiss, Plaintiffs asserted their New Hampshire claim only to evade the opt-in collective action requirements of the federal Fair Labor Standards Act, which is the only true basis of their claim in this matter. Plaintiffs' proposed question regarding the permissibility of class actions under the New Hampshire payment of wages laws omits critical details, including the fact that Plaintiffs seek to represent individuals who have not consented to participate in this litigation, even after receiving an express invitation to do so when the Court conditionally certified Plaintiffs' FLSA collective action claim. Any question presented to the New Hampshire Supreme Court should fully capture the procedural posture of this case, including the potential impact on individuals who have already declined to participate in this suit.

## IV.   The Court Should Deny Plaintiffs' Motion to Stay.

The Court has clearly stated that it will not stay this action, as Plaintiffs now propose. *See* Trans. at 6:3-4 ("I'm not staying this action. We're going ahead on this action."). Nonetheless, Plaintiffs ask the Court to stay both their FLSA claim and a decision on their (already dismissed) state law claim pending a decision by the New Hampshire Supreme Court on their proposed questions. The Court should not stay this case as to Plaintiffs' claim under New Hampshire law because the Court has already dismissed that claim. The Court also should not stay this case as to Plaintiffs' federal claims because such an undue delay would prejudice Defendants.

The Court should ignore Plaintiffs' argument that they will be prejudiced if a stay is not granted. Plaintiffs claim that "dismissal of their state law claim would deprive the New Hampshire Supreme Court of jurisdiction to consider the proposed Certified Questions." Motion, p. 14. This argument ignores this Court's order dismissing their state law claim. *See* Order dated February 15, 2006; Trans. 8:10-12. Any claimed prejudice from such a dismissal has, therefore, already accrued. Moreover, any prejudice to Plaintiffs as a result of the Court's dismissal of their state law claim is of their own making. When a party chooses to litigate a state law claim in federal court, that party has no guarantee that a state court will hear that claim when they receive an adverse ruling in federal court. Furthermore, Plaintiffs have amplified any prejudice they claim to suffer by inexplicably delaying the filing of their Motion for three months after the Court granted Defendants' Motion to Dismiss.

Plaintiffs also request that the Court stay their FLSA claims because, according to Plaintiffs, if the parties have concluded litigation of those claims, the New Hampshire Supreme Court's decision regarding the certified questions will have no relevance. First, in the event that the state court were to determine that the New Hampshire payment of wages statute does not apply to federally-mandated wages or that the statute does not authorize representative actions, that determination will have no effect whatsoever on this case. Second, even if the state court were to opine that Plaintiffs have stated a viable state law claim, they would have the option of re-filing the claim.

<u>CONCLUSION</u>

Defendants request that the Court deny Plaintiffs' Motion in its entirety and refuse to stay these proceedings. If the Court does certify questions to the New Hampshire Supreme Court, Defendants request that the Court adopt their more appropriate alternative articulation.

Respectfully submitted,

FIDELITY EMPLOYER SERVICES CORPORATION, FIDELITY EMPLOYER SERVICES COMPANY LLC and FMR CORP., By their attorneys,

_____/s/ Richard L. Alfred_____
Richard L. Alfred (BBO # 015000)
Brett C. Bartlett (admitted *pro hac vice*)
Krista G. Pratt (BBO # 644741)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Dated:  May 24, 2006
Telephone:    (617) 946-4800
Telecopier:   (617) 946-4801

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that this document was filed through the Court's ECF system
and that a true copy of the above document was served
on Ira Spiro, Esq. counsel for Plaintiffs, by first class mail on May 24, 2006.

_____/s/ Barry J. Miller_____
Barry J. Miller

BO1 15779828.2

1

```
 1              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS
 2
                                    Civil Action
 3                                  No. 05-10673-WGY

 4

 5     * * * * * * * * * * * * * * * *
                                    *
 6   DEBBIE L. TREZVANT, et al.,    *
                                    *
 7            Plaintiffs,           *
                                    *
 8   v.                             *   MOTION HEARING
                                    *
 9   FIDELITY EMPLOYER SERVICES     *
     CORPORATION, et al.,           *
10                                  *
              Defendants.           *
11     * * * * * * * * * * * * * * * *

12

13            BEFORE:  The Honorable William G. Young,
                         District Judge

14

15   APPEARANCES:

16

             SPIRO MOSS BARNESS HARRISON & BARGE, LLP
17      (By Ira Spiro, Esq.), 11377 W. Olympic Blvd.,
        5th Floor, Los Angeles, California 90063-1683, on
18      behalf of the Plaintiffs

19              SEYFARTH SHAW, LLP (By Richard L. Alfred,
        Esq. and Barry Miller, Esq.), World Trade Center
20      East, Two Seaport Lane, Suite 300, Boston,
        Massachusetts 02210-2028, on behalf of the
21      Defendants

22

23

24                                  Boston University Law School
                                    Boston, Massachusetts
25
                                    February 14, 2006
```

2

```
 1          THE CLERK:  Calling Civil Action 05-10673, Trezvant
 2     v. Fidelity.
 3          THE COURT:  Would counsel please identify
 4     themselves.
 5          MR. SPIRO:  Yes, your Honor.  Ira Sprio, S P I R O,
 6     for the plaintiff.
 7          Your Honor, I have two associate counsel here who
 8     have helped a great deal on the case.  They are not members
 9     of this bar.  They are with a law firm who does have an
10     attorney who's a member of the bar here.  They won't speak,
11     but if they could be here with me, I would appreciate it.
12          THE COURT:  And they certainly may.
13          MR. SPIRO:  Thank you.
14          MR. ALFRED:  And, your Honor, Richard Alfred from
15     the firm Seyfarth Shaw for the defendants, and with me today
16     is my colleague, Barry Miller.
17          THE COURT:  All right.  The defendants have moved
18     to dismiss Count II of the complaint.  I would like to start
19     the argument with why I ought not do precisely what the
20     defendants want.  There's no New Hampshire -- well, let me
21     give you my mindset at the outset and you can move me off
22     it.
23          It's that it doesn't look to me like New Hampshire
24     law applies here.  It sounds like this is an end run around
25     the Fair Labor Act's opt-in requirements.  And I guess I've
```

1    said probably too much already.  Why don't you start with

2    that.

3             MR. SPIRO:  Sure, your Honor.  I'm making a note of

4    what you said.

5             Let's see.  The end run argument has been made in a

6    lot of places and in a lot of courts including this, in a

7    case that I'll cite.  There are many state statutes that are

8    interpreted -- let me rephrase it.  There are many state

9    statutes requiring, requiring the payment of wages that are

10   interpreted to include payment of wages not only under state

11   law but under the FLSA.  And that includes state statutes

12   that do not reference, adopt, or in any way refer to, it's

13   the same as reference, the FLSA.  One of those is what's

14   sometimes called the unfair competition law, it's the Unfair

15   Practices Act in the State of California, Business

16   Professions Code, Section 1700 and following, which, oddly

17   enough, was interpreted by a case in this Court because of a

18   transfer from California to New York.

19            THE COURT:  But look what you're trying to do here,

20   always practically.  The Fair Labor Standards Act has a

21   specific opt-in requirement.  You're trying to create a

22   class action under a state law, and I have grave doubts

23   about whether that state law even applies here.

24            Why shouldn't -- why should I not dismiss Count II

25   given the laws of the State of New Hampshire which I must

4

1    respect here.

2           MR. SPIRO:  The laws of the State of New Hampshire

3    stated in Section, it's 275.483, that all wages, it says all

4    wages shall be paid on time, within eight days.  There is

5    nothing, absolutely nothing in the laws of the State of New

6    Hampshire that negate the following obvious conclusion from

7    that, those words, the word wages.  All wages due.  The

8    obvious conclusion being that all wages due means all wages

9    due --

10           THE COURT:  Including --

11           MR. SPIRO:  -- under whatever law.

12           THE COURT:  Including, you say, federally mandated

13    overtime.

14           MR. SPIRO:  That's what I'm saying.

15           THE COURT:  I do understand the argument.  But you

16    have no case in New Hampshire that supports it.

17           MR. SPIRO:  There's no case one way or the other in

18    New Hampshire that supports that.  All we have is our minds

19    on that point to figure what makes sense under the words of

20    that statute.  And, and we have the words of the

21    Massachusetts -- I'm sorry, the New Hampshire Supreme Court

22    in the case of Galloway which says interpret this statute,

23    interpret all of our wage statutes broadly so as to be most

24    protective of the employee.  In order to follow that the

25    term all wages due has to include the wages due under the

5

1    Fair Labor Standards Act.

2         THE COURT:  What makes you think -- I do understand

3    the argument and I thank you for it.  What makes you think

4    that you can get class action treatment?  There is no --

5    under, what's the New Hampshire statute, 275, Section 53.

6    What makes you think you can get class action treatment for

7    such a claim?

8         MR. SPIRO:  What makes me think that is the case of

9    McLaughlin, a case in this Court, that interpreted that,

10   that dealt with a cause of action under New Hampshire --

11   pardon me, under Massachusetts state wage law, which also

12   does not contain a provision for class action but which held

13   that a class action could and in fact was maintained under

14   Rule 23 under the New Hampshire law along with --

15        THE COURT:  No, you said that's under Massachusetts

16   law.

17        MR. SPIRO:  I keep saying New Hampshire,

18   Massachusetts.  Pardon me.  I'm from California.

19        THE COURT:  You wish it were New Hampshire.

20        MR. SPIRO:  I wish.  My fondest wish.  Under

21   Massachusetts law, the Court held that there can be both an

22   opt-out Rule 23 class action and an opt-in FLSA class, what

23   they call collective or representative action.

24        THE COURT:  Let me ask you this.  Suppose I do

25   dismiss Count II but I certify your two key questions to the

6

1    Supreme Court, it is the Supreme Court, I believe, of New
2    Hampshire, since New Hampshire has no law on it and these
3    are questions that would be dispositive.  I'm not staying
4    this action.  We're going ahead on this action.  But how
5    would you feel about that, you would have to litigate in two
6    courts at one time.
7         MR. SPIRO:  How would I feel about it?  I would
8    rather litigate -- I would rather that the case proceed here
9    and that the motion to dismiss be denied.  But, I would be
10   very happy to litigate this question in front of the New
11   Hampshire Supreme Court.  I think the people of New
12   Hampshire deserve that.
13        THE COURT:  Why shouldn't I do that?  Why shouldn't
14   I, not staying anything, we'll get take care of this case in
15   accordance with the case management schedule.  But his
16   questions are interesting.  They are dispositive.  There is
17   no New Hampshire law on the case.  And New Hampshire law
18   does expressly require a liberal interpretation.
19        MR. ALFRED:  Well, your Honor, first of all, we
20   think the substantive law of New Hampshire is clear in the
21   definition of the term wages.  Wages is defined under New
22   Hampshire law limited to an agreement, a voluntary agreement
23   between an employer and an employee.  That is the policy of
24   the state, your Honor, that has been, that really is
25   consistent with the entire area of payment of wages law in

7

 1    New Hampshire which is quite narrow, quite more narrow than
 2    Massachusetts, for example.  And I can address the
 3    McLaughlin case in a minute.
 4            THE COURT:  Well, he's right when he says these
 5    statutes are to be interpreted literally, though, isn't he?
 6            MR. ALFRED:  Well, in a different context, not with
 7    respect to the definition.  And when you look to, if the
 8    Court looks to the Labor Ready case, which is a New
 9    Hampshire Supreme Court case, the New Hampshire Supreme
10    Court, albeit in a somewhat different context, but the New
11    Hampshire Supreme Court interpreted its law quite literally
12    and prohibited the New Hampshire Department of Labor in that
13    case from bringing a representative type action on behalf of
14    others finding specifically that its law didn't allow that.
15            THE COURT:  Well, that's because the statute says
16    specifically that the Commissioner and the Department of
17    Labor are the ones to enforce that law.
18            MR. ALFRED:  Just as the statute says specifically
19    that wages are to be defined as an agreement between, a
20    voluntary agreement, I should say, between an employer and
21    an employee.  And in this case, your Honor, if I could say,
22    there is no such agreement because from my client's
23    perspective these are exempt employees and it did not agree
24    to pay overtime wages.  There is no agreement.  So, looking
25    at the definition of the term as it says in the statute --

8

```
 1          THE COURT:  Yes, I hear your argument but it may
 2     prove too much.
 3          I think you're right, though, that Count II should
 4     be dismissed.  It will be dismissed.  You frame the
 5     questions, the defense, or the plaintiff, rather, can frame
 6     the questions to be submitted to the Supreme Court of New
 7     Hampshire, serve a copy on the other side, they can state
 8     their objections, and I will consider certifying the key
 9     questions to the Supreme Court of New Hampshire.
10          Now, if I do that, it's not going to delay this
11     case at all.  This case is going to judgment.  That's the
12     order of the Court.  Count II's dismissed.
13          MR. SPIRO:  Thank you, your Honor.
14          MR. ALFRED:  Thank you, your Honor.  Is that both
15     questions, your Honor, both --
16          THE COURT:  Both -- yes, he can -- he's asking if
17     it's both questions.  And I do contemplate, does the wage
18     law apply here, and if it does, can it be maintained as a
19     class action.  I think they're entirely separate questions.
20          MR. ALFRED:  Yes.  Thank you, your Honor.
21          MR. SPIRO:  I would have thought the second
22     question is a federal question, your Honor.
23          THE COURT:  The question --  no.  I think not.
24          MR. SPIRO:  Well, under Massachusetts -- yes, I
25     understand what you are saying.
```

9

```
1              THE COURT:  That's the order of the Court.

2              MR. ALFRED:  Thank you, your Honor.

3              MR. SPIRO:  Thank you, your Honor.

4              (Whereupon the matter concluded.)

5

6                    C E R T I F I C A T E

7

8

9         I, Donald E. Womack, Official Court Reporter for

10   the United States District Court for the District of

11   Massachusetts, do hereby certify that the foregoing pages

12   are a true and accurate transcription of my shorthand notes

13   taken in the aforementioned matter to the best of my skill

14   and ability.

15

16

17

18

19         _____
                 DONALD E. WOMACK
20               Official Court Reporter
                   P.O. Box 51062
21          Boston, Massachusetts 02205-1062
                womack@megatran.com
22

23

24

25
```