# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBBIE L. TREZVANT, TIMOTHY CAHILL, DEBORAH CHERYL ARCH, JOHN SWEENEY, JR., BRIE BASILIERE, RUSSELL BROZ, JANE VINCENT, LINDA BIRON, LAURENCE SOTT, DEBRA MCDONALD-MUSTO, LANCE MILNER, THOMAS WALTERS, SYLVIE PARE-LALIBERTE, and JENNIFER RAMBIN,<br><br>            Plaintiffs,<br><br>v.<br><br>FIDELITY EMPLOYER SERVICES CORPORATION, FIDELITY EMPLOYER SERVICES COMPANY LLC, and FMR CORP.,<br><br>            Defendants. | CIV. NO. 05-10673 WGY |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR EMERGENCY MOTION FOR DEFAULT JUDGMENT AGAINST PLAINTIFFS WHO HAVE REFUSED TO PARTICIPATE IN DISCOVERY

Defendants Fidelity Employer Services Corporation, Fidelity Employer Services Company LLC, and FMR Corp. (collectively, "Defendants") hereby move pursuant to Rule 37(d) for default judgments against Plaintiffs Brie Basiliere, Lance Milner, Sylvie Pare-Laliberte, Jennifer Rambin, John Sweeney, Jr., and Thomas Walters (collectively, the "Delinquent Plaintiffs") for their failure and refusal to participate in discovery in this matter. These individuals, each of whom is a party plaintiff, have failed and refused to appear for their properly noticed depositions or to produce documents in response to properly served discovery requests. Defendants have gone to great lengths to avoid the need for motion practice by attempting, over a period of two months, to confer in good faith and negotiate with Plaintiffs' counsel to secure

the Delinquent Plaintiffs' document productions and schedule their overdue depositions.  In response, the Delinquent Plaintiffs have continued to stall and assiduously ignore their obligations.  Because the discovery period in this matter is drawing to a close, Defendants are left with no alternative but to seek dismissal of the Delinquent Plaintiffs' claims.

## FACTUAL BACKGROUND[1]

The original named plaintiffs in this matter asserted their claims as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).  After the Court conditionally certified a class and authorized notice to issue to members of that class, a total of eleven individuals elected to join this action.  In part because of the low opt-in rate, the parties jointly moved for decertification of the FLSA class and to join the individuals who had filed consent forms as party plaintiffs on April 21, 2006, bringing the number of individual Plaintiffs to fourteen (14).

In conjunction with their motion to decertify the FLSA class, the parties requested an extension of the discovery period through July 21, 2006, to allow them to take discovery of the newly joined party plaintiffs.  The Court granted this motion on May 3, 2006, and Defendants' counsel immediately thereafter approached Plaintiffs' counsel to plan the remaining discovery events in the case.  After several telephone discussions between counsel for the respective parties, Defendants' counsel proposed a schedule for document productions and depositions that provided that Plaintiffs would produce all documents responsive to Defendants' requests on or before May 30, 2006, and that all Plaintiffs would appear for deposition between June 13 and

---

[1] The factual background pertinent to this motion is more fully set forth in the accompanying Affidavit of Barry J. Miller, Esq. in Support of Defendants' Emergency Motion For Default Judgment Against Plaintiffs Who Have Failed to Participate in Discovery.

2

June 30.[2]  Under the terms of this proposal, Plaintiffs would subsequently take any depositions they deemed necessary during the week of July 17.  Defendants sent Plaintiffs' counsel an e-mail message detailing this proposal on May 17, 2006, emphasizing their concern that relatively little time remained in the discovery period and that the parties would need to work diligently to complete discovery within the time allotted.  *See* Affidavit of Barry J. Miller, Esq. in Support of Defendants' Emergency Motion For Default Judgment Against Plaintiffs Who Have Failed to Participate in Discovery ("Miller Aff."), ¶¶ 2-3.

Counsel for the respective parties conferred by telephone on May 21 (a Sunday) to discuss Defendants' proposed schedule.  With one change relating to the proposed date for Defendants' document production, Plaintiffs' counsel agreed to the schedule that Defendants had proposed.[3]  During this call, one of Plaintiffs' attorneys, Charles Joseph ("Attorney Joseph"), stated that he would undertake on the following day, Monday, May 22, 2006, to begin contacting the Plaintiffs to schedule each of their depositions before June 30.  *See* Miller Aff, ¶ 6.

In fact, Attorney Joseph did not begin contacting Plaintiffs on May 22, and during several telephone conversations with Defendants' counsel after that date, he acknowledged that he had not met the obligations he had assumed in that regard.  *See* Miller Aff., ¶ 8.  Despite repeated requests by Defendants' counsel, Plaintiffs' counsel did not propose or agree to any deposition dates whatsoever until more than two weeks later when, on June 6, they confirmed that Timothy Cahill, one of the original named plaintiffs in this action, would appear the following week.

---

[2] Defendants served notices for the deposition of each Plaintiff by correspondence to Plaintiffs' counsel dated April 27, 2006.  Defendants' counsel originally noticed the Plaintiffs' depositions for dates between May 22 and June 9, 2006, and subsequently attempted to negotiate dates with Plaintiffs' counsel that would be convenient for each deponent.

[3] Defendants had initially proposed a due date of July 6 for their own document production.  During the parties' May 21 call, Plaintiffs insisted that Defendants produce documents prior to any depositions.  Defendants' counsel acceded to Plaintiffs' demand and made documents available for Plaintiffs' counsel's inspection on June 6, one week prior to the deposition of Plaintiff Cahill on June 13.

3

After scheduling the depositions of the three original named Plaintiffs, Plaintiffs' counsel again engaged in a pattern of delay as to the scheduling of the depositions of the remaining Plaintiffs.[4] On June 2, June 5, and again on June 12, Defendants' counsel repeated their request that Plaintiffs' counsel provide dates for the depositions of the remaining Plaintiffs. *See* Miller Aff, ¶¶ 9-10, 13. Plaintiffs' counsel did not respond in substance to these requests. In fact, as of June 20, nearly a month after Attorney Joseph agreed to contact the Plaintiffs regarding dates for their depositions, only two of them had appeared for deposition, and Plaintiffs' counsel had failed to offer dates on which any of the twelve (12) remaining Plaintiffs were willing to appear for deposition. By telephone and in writing on June 20, June 23, June 27, and June 29, Defendants' counsel continued to implore Plaintiffs' counsel to provide proposed dates for the remaining Plaintiffs' depositions. *See* Miller Aff, ¶¶ 15, 17, 19-20. While Plaintiffs' counsel did eventually provide dates for the six (6) Plaintiffs who have been produced and deposed as of the date of this motion (including the three original plaintiffs) and for one additional Plaintiff whose deposition is scheduled for July 19, they have continued to delay in providing dates for the depositions of the Delinquent Plaintiffs.

On June 30, the date by which the parties agreed all Plaintiffs would appear for deposition, only four had appeared and been deposed: Timothy Cahill, Debbie Trezvant, Cheryl Arch, and Linda Biron. Moreover, despite repeated requests from Defendants' counsel, Plaintiffs' counsel had failed even to offer proposed deposition dates as to four (4) of the remaining Plaintiffs. Two more of the Delinquent Plaintiffs agreed to appear for their respective

---

[4] Plaintiffs have attempted to stall discovery in this case on numerous occasions. In addition to their refusal to timely respond to Defendants' written discovery requests and deposition notices, on May 10, 2006, Plaintiffs filed with the Court a motion to stay the proceedings in their entirety. In response to Defendants' repeated entreaties regarding the scheduling of the remaining depositions, Plaintiffs' Counsel have also requested that Defendants join in a motion to extend discovery in this matter. Defendants declined Plaintiffs' Counsel's request on the grounds that the parties represented to the Court in their April 21 joint motion that they would seek no further extensions of discovery.

depositions in early July (outside the agreed-upon period for the Plaintiffs' depositions) only to cancel on very short notice.[5] See Miller Aff., ¶¶ 20, 23.

As of the date of this motion, the following Plaintiffs have not appeared for depositions or agreed to dates on which to appear for their depositions: Brie Basiliere, Lance Milner, Sylvie Pare-Laliberte, Jennifer Rambin, John Sweeney, Jr., and Thomas Walters.[6] Among these, Plaintiffs Basiliere, Rambin, and Walters have never offered proposed dates for their respective depositions. Plaintiff Sweeney, who Defendants understand to be self-employed, has stated his unwillingness to appear for deposition on a week day.

In addition to failing to appear for their depositions, the Delinquent Plaintiffs have also failed to produce documents responsive to Defendants' requests. Pursuant to the parties' agreement, Plaintiffs' complete document production was due on May 30. As of that date, Plaintiffs had produced no written responses to Defendants' requests and no responsive documents. On June 2, after the agreed-upon deadline had passed, Plaintiffs counsel requested an extension of time through June 6 to respond to Defendants' requests. See Miller Aff, ¶ 9. Plaintiffs disregarded this deadline as well, producing documents as to each Plaintiff who was deposed on a piecemeal basis a few days before each deposition. As with deposition dates for the Delinquent Plaintiffs, Defendants' counsel made repeated requests to Plaintiffs' counsel to

---

[5] On June 27, Plaintiffs' counsel informed Defendants' counsel that Plaintiff Sweeney would not appear for his deposition, which had been scheduled for July 5 (three business days later). At 4:13 p.m. on Friday, July 7, Plaintiffs' counsel informed Defendants' counsel by e-mail that Plaintiff Pare-Laliberte would not appear for her deposition, scheduled for 10:00 a.m. on the following Monday, July 10.

[6] Plaintiff Cahill produced documents on June 8, 2006, and appeared for deposition on June 13. Plaintiff Trezvant produced documents on or about June 9 and appeared for deposition on June 19. Plaintiff Arch produced documents on June 20 and appeared for deposition on June 28. Plaintiff Biron produced documents on June 23 and appeared for deposition on June 29. Plaintiff McDonald-Musto produced documents on June 30 and appeared for deposition on July 5. Plaintiff Sott produced documents on June 27 and appeared for deposition on July 6. Plaintiff Broz produced documents on June 28 and appeared for deposition on July 6. On the morning of July 11, Plaintiffs' counsel informed Defendants' counsel that Plaintiff Vincent will appear for deposition on July 19. As of the date of this motion, Plaintiff Vincent has not made a full document production, but has produced two documents consisting of only spreadsheets listing the hours she claims to have worked and her corresponding rates of pay.

produce documents on behalf of the Delinquent Plaintiffs. Also as with the deposition dates, Plaintiffs' counsel disregarded Defendants' requests. As of the date of this filing, more than one month after their document production was due, the Delinquent Plaintiffs have failed to produce documents responsive to Defendants' requests.

Notwithstanding the Delinquent Plaintiffs' failure to meet their own discovery obligations, Plaintiffs' counsel has sought to interpose onerous discovery that would prevent Defendants from deposing the Delinquent Plaintiffs, even if those individuals were willing to appear to testify. Plaintiffs have served a deposition notice pursuant to Rule 30(b)(6) seeking testimony from Defendants on an overly broad array of topics, and they have insisted on taking this deposition on "non-negotiable" dates, stating that the only attorney among the seven (7) attorneys of record for Plaintiffs in this matter who they are willing to have conduct this examination, Ira Spiro, is available only on July 13 and 14.[7] Plaintiffs have also noticed the depositions of each of their respective "supervisors," a term they have defined with a complex formula. Plaintiffs anticipate taking the deposition of their respective "supervisors" during the week of July 17, the last week remaining the discovery period. There is, therefore, no remaining time in the discovery period in which Defendants could prepare for and take the depositions of the Delinquent Plaintiffs.

## ARGUMENT

The Delinquent Plaintiffs have failed and refused to meet their discovery obligations in this matter without justification or excuse. Despite Defendants' repeated efforts to impress upon Plaintiffs the importance of scheduling and moving forward with discovery, these seven Plaintiffs have ignored deadlines and refused to respond to proper discovery requests.

---

[7] By telephone message to Defendant's counsel on Friday, June 7, Spiro stated that he may be available to conduct the deposition on July 12 and 13, instead of July 13 and 14.

The Delinquent Plaintiffs' blatant and continuing refusal to participate in discovery provides independent grounds for the Court to dismiss their claims.[8]  The Rules of Civil Procedure expressly contemplate the default of a party who fails to appear to provide deposition testimony.  *See* Rule 37(d) (incorporating Rule 37(b)(2)(C)).[9]  Similarly, a long and consistent line of decisional law supports a court's discretion to dismiss the claims of parties who fail to comply with their discovery obligations.[10]  *See, e.g., Guex v. Allmerica Fin. Life Ins. & Annuity Co.*, 146 F.3d 40, 41-42 (1st Cir. 1998) (affirming dismissal of plaintiff's claim for failure to attend deposition); *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 12 (1st Cir. 1985) (district court "acted well within its discretion" in entering default judgment against plaintiff who committed discovery abuses including failure to appear at deposition).  As described in detail above, the Delinquent Plaintiffs' disregard of their discovery obligations in this matter shows a lack of proper respect for this Court and the proceedings they have joined.  The Court, therefore, should enter the most severe sanctions against them.

---

[8] In addition to any other sanction it enters, the Court should also order the Delinquent Plaintiffs to pay the costs Defendants have incurred in attempting to secure their compliance with their discovery obligations, including bringing this motion.  *See* Rule 37 (d) (". . . the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure. . .").

[9] Moreover, a Court need not issue an Order to compel or resort to some less severe sanction before dismissing a plaintiff's claims for failure to attend his deposition.  *See Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996) (party not required to file motion to compel before seeking dismissal of claims for failure to comply with discovery obligations); *Halas v. Consumer Servs. Inc.*, 16 F.3d 161, 165 (7th Cir. 1994) ("it is axiomatic that the district court need not impose a lesser sanction prior to assessing the sanction of dismissal.") (collecting authorities); 8A Wright, Miller, & Marcus, Fed. Practice & Procedure § 2291 (2d ed. 1994).

[10] That the Delinquent Plaintiffs initially joined these proceedings as participants in an FLSA collective action does not excuse their intransigence.  First, each of the Delinquent Plaintiffs has, since joining this matter as a collective action, been joined as a named party plaintiff.  Second, courts have dismissed even the claims of absent class members, who have a much more attenuated connection to the proceedings than the Delinquent Plaintiffs in this matter, for failure to comply with proper discovery requests.  *See Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1004 n. 2 (7th Cir. 1971) (affirming dismissal of claims asserted by class members who failed to respond to proper discovery requests in class action).

## CONCLUSION

Defendants respectfully request that enter default judgments against the following Plaintiffs: Brie Basiliere, Lance Milner, Sylvie Pare-Laliberte, Jennifer Rambin, John Sweeney, Jr., and Thomas Walters.  Defendants further request that the Court Order the Delinquent Plaintiffs to pay the costs Defendants have incurred as a result of their failure to comply with their discovery obligations, including attorneys' fees associated with bringing this motion. Should the Court enter any sanction short of dismissal, Defendants request that the Court order the Delinquent Plaintiffs to produce documents responsive to Defendants' document requests forthwith and appear for deposition at the offices of Defendant's counsel on consecutive weekdays and during normal business hours beginning on July 14, 2006.

Respectfully submitted,

FIDELITY EMPLOYER SERVICES
CORPORATION, FIDELITY EMPLOYER
SERVICES COMPANY LLC and
FMR CORP.,
By their attorneys,

    /s/ Richard L. Alfred
Richard L. Alfred (BBO # 015000)
Brett C. Bartlett (admitted *pro hac vice*)
Krista G. Pratt (BBO # 644741)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

Dated:  July 11, 2006

CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the Court's ECF system and that a true copy of the above document was served on Ira Spiro, Esq. counsel for Plaintiffs, by first class mail on July 11, 2006.

      /s/ Barry J. Miller
      Barry J. Miller

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.1

I, Barry J. Miller, hereby certify that counsel for Defendants have complied with the obligations of Local Rule 37.1 by conferring with counsel for Plaintiffs in an effort to narrow the areas of disagreement presented by this motion to the greatest possible extent. As detailed in the accompanying affidavit, counsel for Defendant has conferred with counsel for Plaintiffs, including telephone conferences with Ira Spiro, Esq. and J. Mark Moore, Esq., on July 6 and 7, 2006.

      /s/ Barry J. Miller
      Barry J. Miller